**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (Bar No. 226388)
E-mail: CReilly@manatt.com
ALEXANDRA N. KRASOVEC (Bar No. 279578)
E-Mail: AKrasovec@manatt.com
ERIN M. GILMORE (Bar No. 324319)
E-mail: EGilmore@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California  90067
Telephone:     310.312.4000
Facsimile:      310.312.4224

*Attorneys for Defendant*
*SUNPOWER CORPORATION*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR BARNES and STEPHANIE BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION,<br><br>Defendant. | No. 3:22-cv-04299-TLT<br><br>**DEFENDANT SUNPOWER CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR TO STRIKE THE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:    DECEMBER 6, 2022<br>TIME:    2:00 P.M.<br>CTRM:   9<br>JUDGE:  HON. TRINA L. THOMPSON |

1

## NOTICE OF MOTION AND MOTION

2      **PLEASE TAKE NOTICE THAT on December 6, 2022, at 2:00 p.m.**, or as soon

3   thereafter as counsel may be heard, in the courtroom of the Honorable Trina L. Thompson, located

4   in Courtroom 9, on the 19th floor of the United States Courthouse, 450 Golden Gate Avenue, San

5   Francisco, California, Defendant SunPower Corporation ("Defendant" or "SunPower") will and

6   hereby does move this Court for dismissal of the Class Action Complaint (*see* Dkt. 1) filed by

7   Plaintiffs Trevor Barnes and Stephanie Brown (collectively, "Plaintiffs") in this matter, in its

8   entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative or in addition,

9   SunPower seeks an order striking Plaintiffs' class allegations pursuant to Fed. R. Civ. P. 12(f)

10  and/or 23 as facially overbroad, and on the grounds that Plaintiffs have suffered no injury and lack

11  the ability to represent their respective putative classes.

12      As demonstrated in the accompanying Memorandum, the Complaint should be dismissed

13  under Rule 12(b)(6) because Plaintiffs fail to plead sufficient facts supporting a plausible claim for

14  relief under the Telephone Consumer Protection Act ("TCPA") against SunPower. Specifically,

15  neither Plaintiff alleges facts sufficient to support SunPower's direct or vicarious liability for the calls

16  at issue. Moreover, Plaintiff Barnes fails to plead facts supporting the essential elements of his Do-

17  Not-Call ("DNC") claim under Section 227(c) of the TCPA, including *inter alia* that he received a

18  "telephone solicitation," as that term is defined under the TCPA, that he received *more than one call*

19  made by or on behalf of SunPower, or that **he** was the subscriber who registered his phone number

20  to the National DNC Registry. Further, the Motion should be dismissed under Rule 12(b)(1) for lack

21  of federal subject matter jurisdiction due to Plaintiffs' failure to meet the requirements for Article III

22  standing, because neither Plaintiff can establish that their alleged injuries are traceable to SunPower

23  nor that SunPower can redress any injury allegedly caused to them. Moreover, Plaintiffs fail to allege

24  that there is any threat of future injury, as is required to have standing to seek injunctive relief under

25  Article III of the U.S. Constitution. Lastly, should the Court find that the Complaint is not subject to

26  dismissal in its entirety, the class allegations should be stricken, as both Plaintiffs seek to represent a

27  facially-uncertifiable class. In particular, both proposed classes are impermissibly overbroad as they

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1   include individuals who cannot have an actionable claim against SunPower. Therefore, those facially-

2   defective allegations should also be dismissed and/or stricken from the Complaint under Rules

3   12(b)(6), 12(b)(1), 12(f) and/or 23.

4        This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum

5   of Points and Authorities below, all papers on file herein, all matters subject to judicial notice, and

6   any argument or evidence that may be presented to or considered by the Court prior to ruling.

7

8   Dated: September 21, 2022          MANATT, PHELPS & PHILLIPS, LLP

9

10  By: /S/ Alexandra N. Krasovec
     Christine M. Reilly

11       Alexandra N. Krasovec
     Erin M. Gilmore

12  *Attorneys for Defendant*

13  *SunPower Corporation*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND ........................................................ 2

    A.  Plaintiff Barnes's Factual Allegations. ................................................... 2

    B.  Plaintiff Brown's Factual Allegations. .................................................... 3

    C.  Class Allegations. .................................................................................... 3

III. APPLICABLE LEGAL STANDARDS ............................................................. 4

    A.  Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief ................ 4

    B.  Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction (Standing) ............. 5

    C.  Fed. R. Civ. P. 12(f) and 23: Striking Facially-Improper Class Allegations .......... 5

IV. ARGUMENT ...................................................................................................... 6

    A.  The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiffs Each Fail To State A Claim Under The TCPA. ..................... 6

        1.  Plaintiffs Fail to Plead Facts Supporting Direct TCPA Liability ............... 7

        2.  Plaintiffs Fail to Plead Facts Supporting Vicarious TCPA Liability. ....... 10

    B.  Plaintiff Barnes Additionally Fails to Plead Adequate Facts Supporting His "Do-Not-Call" Claim. ................................................... 13

    C.  Plaintiffs Lack Article III Standing to Bring Their Claims. ................. 15

    D.  Alternatively or In Addition, The Court Should Strike Plaintiffs' Faulty Class Allegations Under Rules 12(f) and/or 23. ..................... 16

        1.  Both Classes Are Facially Overbroad. ................................................. 17

        2.  Neither Plaintiff Is a Member of the Class They Seek to Represent. ....... 19

        3.  Plaintiffs' Remaining Class Allegations are Superfluous. ...................... 20

V.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ........... 21

VI. CONCLUSION ................................................................................................. 21

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) .................................................................. 8, 11

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ......................................................................... 7

*American Western Door & Trim v. Arch Specialty Ins. Co.*,
2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) .................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................... 4, 9

*Bank v. Philips Elecs. N. Am. Corp.*,
2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) .................................................................... 9

*Bank v. Spark Energy, LLC*,
2020 WL 5752185 (E.D.N.Y. Sept. 24, 2020), *aff'd*, 2021 WL 2324950 (2d Cir. June
8, 2021) ............................................................................................................................ 15

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019) ..................................................................... 16

*Bautista v. Valero Mktg. & Supply Co.*,
2018 WL 11356583 (N.D. Cal. Dec. 4, 2018) .................................................................. 19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 4, 9, 14

*Canary v. Youngevity Int'l, Inc.*,
2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ................................................................... 8

*Childress v. Liberty Mut. Ins. Co.*,
2018 WL 4684209 (D.N.M. Sept. 28, 2018) .................................................................... 11

*Colony Cove Properties, LLC v. City of Carson*,
640 F.3d 948 (9th Cir. 2011) ............................................................................................. 4

*Dixon v. Monterey Fin. Servs., Inc.*,
2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) .................................................................... 5

*Eggleston v. Reward Zone USA LLC*,
2022 WL 886094 (C.D. Cal. Jan. 28, 2022) .................................................................... 14

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ........................................................................................... 20

*Flores v. City of Cal. City*,
2019 WL 1934016 (E.D. Cal. May 1, 2019) .................................................................... 21

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) .................................................................. 8

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

- ii -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

# TABLE OF AUTHORITIES
(continued)

**Page**

*Freidman v. Massage Envy Franchising, LCC*,
   2013 WL 3026641 (S.D. Cal. June 13, 2013) ................................................................... 5, 16

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) ........................................................................................................ 17, 20

*Gulden v. Consol. World Travel Inc.*,
   2017 WL 3841491, (D. Ariz. Feb. 15, 2017) ........................................................................ 13

*Hamilton v. El-Moussa*,
   2020 WL 8993127 (C.D. Cal. Apr. 30, 2020) ......................................................................... 7

*Hernandez v. Select Portfolio, Inc.*,
   2015 WL 3914741 (C.D. Cal. June 25, 2015) ........................................................................ 9

*Hernandez v. State Farm Fire & Cas. Co.*,
   2017 WL 932198 (S.D. Cal. Mar. 9, 2017) ........................................................................... 17

*Hicks v. Alarm.com*,
   2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ..................................................................... 5, 16

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ............................................................................................... 4

*In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*,
   223 F. Supp. 3d 514 (N.D. W.Va. 2016), *aff'd sub nom.*, 885 F.3d 243 (4th Cir. 2018) ....... 10

*In re Rules & Regs. Implementing the TCPA*,
   18 FCC Rcd. 14014 (2003) ............................................................................................ 13, 14

*In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
   18 F.C.C. Rcd. 14014 (2003) ............................................................................................... 19

*In re Wells Fargo Mortgage–Backed Certificates Litig.*,
   712 F.Supp.2d 958 (N.D.Cal. 2010) .................................................................................... 20

*Jones v. Nutiva, Inc.*,
   2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) ..................................................................... 16

*Jones v. Royal Admin. Servs., Inc.*,
   866 F.3d 1100 (9th Cir. 2017) ............................................................................................. 10

*Jones v. Royal Admin. Servs., Inc.*,
   887 F.3d 443 (9th Cir. 2018) ............................................................................................... 10

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
   571 F.3d 672 (7th Cir. 2009) ............................................................................................... 19

*Langan v. United Svcs. Auto. Assoc.*,
   69 F. Supp. 3d 965 (N.D. Cal. 2014) ..................................................................................... 6

*Lewis v. Casey*,
   518 U.S. 343 (1996) ............................................................................................................ 20

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

**TABLE OF AUTHORITIES**
(continued)

Page

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) ............................................................................. 5, 15

*Linlor v. Five9, Inc.*,
2017 WL 5885671 (S.D. Cal. Nov. 29, 2017) ........................................... 10

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ............................................................................. 5, 15

*Lyons v. Bank of American N.A.*,
2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ........................................... 18

*Massey v. Biola Univ., Inc.*,
2020 WL 2476173 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted,* 2020 WL
2468765 (May 13, 2020) ............................................................................ 4

*McDonald v. Sun Oil Co.*,
548 F.3d 774 (9th Cir. 2008) ..................................................................... 15

*MCI Commc'ns Servs. Inc. v. Contractors W. Inc.*,
2016 WL 795861 (D. Ariz. Mar. 1, 2016) .................................................... 4

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ........................................... 10

*Mehr v. Fed'n Internationale de Football Ass'n*,
115 F. Supp. 3d 1035 (N.D. Cal. 2015) ..................................................... 15

*Mendoza v. Home Depot, U.S.A. Inc.*,
2010 WL 424679 (C.D. Cal. Jan. 21, 2010) .............................................. 20

*Meyer v. Portfolio Recovery Assocs., LLC*,
707 F.3d 1036 (9th Cir. 2012) ..................................................................... 6

*Miller v. Time Warner Cable Inc.*,
2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ........................................... 16

*Moore v. Way FM Media Grp. Inc.*,
2012 WL 13012659 (C.D. Cal. June 20, 2012) ........................................... 5

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ................................... 7, 8, 9, 11

*Naiman v. TranzVia LLC*,
2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) ......................................... 10, 11

*Nero v. Seifert*,
2017 WL 2687624 (D. Ariz. June 22, 2017) .............................................. 21

*nexTUNE, Inc. v. McKinney*,
2013 WL 2403243 (W.D. Wash. May 31, 2013) ........................................... 4

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

**TABLE OF AUTHORITIES**
(continued)

Page

*O'Neill v. The Home Depot U.S.A., Inc*.,
   243 F.R.D. 469 (S.D. Fla. 2006) ............................................... 18

*Oshana v. Coca-Cola Co*.,
   472 F.3d 506 (7th Cir. 2006) ..................................................... 17

*Panacci v. A1 Solar Power, Inc.*,
   2015 WL 3750112 (N.D. Cal. June 15, 2015) .......................... 11, 12

*Pascal v. Agentra, LLC*,
   2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ............................. 7

*Pepka v. Kohl's Dep't Stores, Inc.*,
   2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .............................. 6

*Phan v. Grand Bahama Cruise Line, LLC*,
   2016 WL 1427648 (N.D. Cal. Apr. 12, 2016) ............................. 11

*Rogers v. Postmates Inc.*,
   2020 WL 3869191 (N.D. Cal. July 9, 2020) .............................. 7, 11

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
   2022 WL 2713278 (N.D. Iowa June 9, 2022) ............................ 13, 15

*Sanders v. Apple Inc*.,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................... 17, 18

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) ..................................................... 14

*Schaevitz v. Braman Hyundai, Inc.*,
   437 F. Supp. 3d 1237 (S.D. Fla. 2019) ..................................... 16

*Sena v. Uber Techs. Inc.*,
   2016 WL 1376445 (D. Ariz. Apr. 7, 2016) .................................. 6

*Sepehry-Fard v. Dep't Stores Nat'l Bank*,
   15 F. Supp. 3d 984 (N.D. Cal. 2014), *aff'd in part,* 670 F.App'x 573 (9th Cir. 2016)......... 8, 9

*Sepehry-Fard v. MB Fin. Servs.*,
   2014 WL 2191994 (N.D. Cal. May 23, 2014) .............................. 9

*Sheski v. Shopify (USA) Inc.*,
   2020 WL 2474421 (N.D. Cal. May 13, 2020) ............................. 7, 8

*Simon v. Eastern Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) .................................................................... 15

*Smith v. Liberty Mut. Ins. Co.*,
   2021 WL 1581017 (D. Mass. Apr. 22, 2021) ............................. 12

*Spokeo, Inc. v. Robins*,
   136 S.Ct. 1540 (2016) ............................................................... 5

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

**TABLE OF AUTHORITIES**
(continued)

Page

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ................................................................................. 16

*Stokes v. CitiMortgage, Inc.*,
    2015 WL 709201 (C.D. Cal Jan. 16, 2015) ................................................ 6

*Thomas v. Taco Bell Corp.*,
    582 F.App'x 678 (9th Cir. 2014) ........................................................... 7

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D Cal. 2010) .............................................. 17, 18

*Walewski v. Zenimax Media, Inc.*,
    502 F. App'x 857 (11th Cir. 2012) ...................................................... 17

*Washington Env't Council v. Bellon*,
    732 F.3d 1131 (9th Cir. 2013) ......................................................... 15, 16

*Whittlestone, Inc. v. Handi–Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ............................................................. 6, 16

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ................................................................ 4

*Yagman v. Allianz Ins.*,
    2015 WL 5553460 (C.D. Cal. May 11, 2015) .......................................... 6

**STATUTES**

47 U.S.C. § 227 *et seq.* ............................................................................ passim

**OTHER AUTHORITIES**

47 U.S.C. § 64.1200 *et seq.* ......................................................................... 19

*In re Dish Network, LLC*,
    28 FCC Rcd. 6574 (2013) ................................................................... 7, 9

US Constitution, Art. III ........................................................................ passim

**RULES**

Fed. R. Civ. P. 12(b)(1) .................................................................. 2, 5, 21

Fed. R. Civ. P. 12(b)(6) ......................................................................... passim

Fed. R. Civ. P. 12(f) ..................................................................... 5, 16, 17

Fed. R. Civ. P. 23 ................................................................................. passim

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- vi -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant SunPower Corporation ("SunPower") hereby respectfully moves to dismiss the Complaint (Dkt. 1, "Complaint") filed by Plaintiffs Trevor Barnes and Stephanie Brown (collectively "Plaintiffs") in this matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1), and, alternatively or in addition, moves to strike Plaintiffs' faulty class allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f) and 23.

## I.   INTRODUCTION

Plaintiffs' Complaint does little more than allege, in a wholly conclusory fashion and without requisite factual support, that SunPower violated the Telephone Consumer Protection Act ("TCPA"). These claims rest squarely on three ill-described phone calls which Plaintiffs allege were made in violation of the TCPA's DNC and prerecorded call provisions. However, Plaintiffs fail to plead sufficient (or any) non-conclusory facts supporting a plausible inference that SunPower bears any legal responsibility for those calls, or that any of the alleged calls even violated the TCPA in the first instance. Further, the allegations fall woefully short to advance a DNC claim, as Plaintiff Barnes attributes *only one call* to SunPower, and receipt of only one call is insufficient to advance a DNC claim under 47 U.S.C. § 227(c).  Moreover, the class allegations should also be stricken under Fed. R. Civ. Pro. 23 as both overbroad, and on the grounds that Plaintiffs are not members of the classes they seek to represent. Consequently, the Complaint should be dismissed in its entirety and the class allegations stricken for at least the following reasons:

**First**, the Complaint should be dismissed under Rule 12(b)(6), as Plaintiffs fail to state a claim under the TCPA or to plead any facts to support such a claim. As an initial matter, to successfully plead *any* TCPA claim and avoid dismissal, all plaintiffs must allege sufficient facts demonstrating the defendant's direct or vicarious liability for the calls at issue. Here, Plaintiffs provide virtually no details about the alleged calls or callers, much less plead any non-conclusory facts supporting an inference that SunPower: (i) itself, and not some third party, "physically placed" the calls, as required for direct TCPA liability; or (ii) had an agency relationship with or control over any responsible third parties, as required for vicarious TCPA liability. These pleading defects

alone warrant dismissal of the entire Complaint.

**Second**, Count II of the Complaint, which seeks relief under the DNC provisions in Section 227(c) of the TCPA, should also be dismissed under Rule 12(b)(6) because Plaintiff Barnes fails to plead any non-conclusory facts supporting an inference that (i) the alleged call even constituted a "telephone solicitation" within the meaning of the TCPA, as required to state such a claim, (ii) he received *more than one call* attributable to SunPower, or (iii) that ***he himself*** registered his telephone number on the National Do-Not-Call registry as is required to state a valid DNC claim.

**Third**, in addition, or in the alternative, to dismissal under Rule 12(b)(6), the Court should dismiss the entire Complaint under Rule 12(b)(1) because Plaintiffs fail to plead facts that satisfy at least two of the requisite elements for standing under Article III of the U.S. Constitution— causation and redressability.[1]  In this regard, Plaintiff does not plead facts tracing any alleged unlawful conduct or harm to any act by SunPower, as opposed to some unknown third party not before this Court, and SunPower cannot possibly redress harm caused by unknown third parties. Further, Plaintiff's request for injunctive relief must be dismissed in any event because Plaintiffs do not allege facts suggesting any threat of future injury, as required for Article III standing to seek injunctive relief.

**Finally**, while the entire Complaint is ripe for dismissal on the myriad grounds above, the class allegations are so facially improper and inadequate that the classes are uncertifiable as pled. Those allegations should be stricken at the pleadings stage under Rules 12(f) and 23, if they survive dismissal, before the parties and Court waste needless effort in discovery on them.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    Plaintiff Barnes's Factual Allegations.

While the Complaint is bereft of much plausible factual support, the Complaint alleges that Plaintiff Barnes received calls on June 2, 2022, from an unidentified number.[2]  Compl. ¶ 27. He

---

[1] Though not addressed below, SunPower does not concede, and indeed disputes, that Plaintiffs have each suffered a concrete and particularized "injury-in-fact" or that they have pled sufficient facts supporting this additional element required for Article III standing in their Complaint. Therefore, SunPower reserves the right to address this issue at a later time.

[2] Confusingly, while Plaintiff Barnes states that "SunPower called the [sic] Mr. Barnes [sic] phone number twice on June 2, 2022," he then states that "a later return call to that number" revealed that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

claims that he called back the number from which he received the calls, and learned that the caller was an entity named "Green Energy Solutions." *Id.* ¶ 30.  Plaintiff Barnes then received a later call, which he answered, and spoke to a representative who Plaintiff Barnes contends was affiliated with SunPower; Plaintiff Barnes alleges he "played along" on the call and feigned interest. *Id.* ¶ 31.  Plaintiff Barnes was then connected with to the "appointment department," where he spoke to two separate individuals. *Id.* ¶¶ 34-35.  Plaintiff Barnes does not allege that either of these individuals were affiliated with SunPower. *Id.* ¶¶ 34-36.

### B.   Plaintiff Brown's Factual Allegations.

Plaintiff Brown alleges that, on May 21, 2022, she received a "prerecorded call" on her cell phone. *Id.* ¶ 38.  Plaintiff Brown alleges that the prerecorded messages "stated that it was Brian Lee" from a company named "solar project." *Id.* ¶ 39. Plaintiff Brown alleges that she "pressed the number" in order to discern the caller's identity, and spoke to a woman named "Sarah," whose entity affiliation is unspecified. *Id.* ¶ 40.  While on the phone with "Sarah," Plaintiff Brown made an appointment for the next day. *Id.* ¶ 40.  Plaintiff Brown claims that she later received a "confirmatory text" from a redacted number, and a confirmatory email from solaradvisors@sunpower.com. *Id.* ¶ 41.

### C.   Class Allegations.

On the above facts, each Plaintiff seeks to represent a putative class of allegedly similarly-situated individuals.  Plaintiff Barnes seeks to represent a DNC class, which is defined as:

> All persons in the United States to whom: (A) Defendant, any of them and/or a third party acting on any of their behalf sent a telemarketing call; (B) to a residential (including residential cellular) telephone number listed on the NDNCR for at least 31 days before at least two of such communications in a 12-month period; (C) from four years prior to the filing of the complaint to the first day of trial.

Compl. ¶46.

Plaintiff Brown advances a "Cellular Telephone Class," which is defined to include:

> All persons in the United States to whom: (A) Defendant, any of them

---

it originated from "an entity that identified itself as Green Energy Solutions."  Compl. ¶¶ 27, 30. Plaintiff fails to allege any connection between Green Energy Solutions and SunPower.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

and/or a third party acting on any of their behalf made a pre-recorded call; to a cellular telephone number; (B) using an artificial or prerecorded voice; from four years prior to the filing of the complaint to the first day of trial.

*Id.* ¶ 45. What remains are other boilerplate class-related allegations mimicking the requirements of Rule 23 (*id.*, ¶¶ 48-54).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief

Rule 12(b)(6) provides for dismissal for failing to state a claim for relief. Any claim brought in federal court mandates the pleading of sufficient facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id.* Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim is likewise insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Rather, "[t]o survive a Rule 12(b)(6) dismissal, a complaint must allege enough ***specific facts*** to provide both 'fair notice' of the particular claim being asserted and 'the grounds upon which it rests.'" *Massey v. Biola Univ., Inc.,* 2020 WL 2476173, at *5 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted,* 2020 WL 2468765 (May 13, 2020) (quoting *Twombly*, 550 U.S. at 555 & n.3) (emphasis added).

Under this rule, the Court "accepts factual allegations in the [Complaint] as true and construes the pleadings in the light most favorable" to Plaintiffs. *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). But it need <u>not</u> do so for "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); *see also nexTUNE, Inc. v. McKinney*, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under 12(b)(6).") (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)); *MCI Commc'ns Servs. Inc. v. Contractors W. Inc.*, 2016 WL 795861, at *1 (D. Ariz. Mar. 1, 2016) ("Legal conclusions couched as factual allegations do not enjoy a presumption of truth and are not sufficient to defeat a Rule 12(b)(6) motion.") (citing *Iqbal*).

1

**B.      Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction (Standing)**

Rule 12(b)(1) provides for dismissal of a complaint where, as here, there is a lack of subject matter jurisdiction. In this regard, Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies. To establish Article III standing, (i) a plaintiff must have suffered a concrete and particularized "injury in fact"; (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.,* "causation" or "traceability"); and (iii) the injury must be capable of being redressed by a favorable decision (*i.e.,* "redressability"). *See, e.g., Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125 (2014); *see also Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016) (party invoking federal subject matter jurisdiction has the burden of establishing standing).

Like under Rule 12(b)(6), conclusory allegations without supporting facts do not sufficiently demonstrate Article III standing and thus cannot survive dismissal under Rule 12(b)(1). *See, e.g., Moore v. Way FM Media Grp. Inc.,* 2012 WL 13012659, at *7 (C.D. Cal. June 20, 2012) (citations omitted). *See also Freidman v. Massage Envy Franchising, LCC,* 2013 WL 3026641, at *4 (S.D. Cal. June 13, 2013) (holding that plaintiff lacked Article III standing for TCPA claim where did not allege facts from which the court could "infer direct or vicarious liability"); *Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing putative TCPA class action under Rules 12(b)(1) and 12(b)(6), holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" under Article III).

**C.      Fed. R. Civ. P. 12(f) and 23: Striking Facially-Improper Class Allegations**

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Along these lines, it is well accepted in the Ninth Circuit that class allegations may be properly stricken at the pleadings stage prior to discovery (particularly in TCPA cases) pursuant to Rules 12(f) and 23 where, as here, the requirements of Rule 23 are plainly not met. *Dixon v. Monterey Fin. Servs., Inc.,* 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016) (striking proposed TCPA class); *American Western Door & Trim v. Arch Specialty Ins. Co.,* 2015

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015). *See also Sena v. Uber Techs. Inc.*, 2016 WL 1376445, at *7-8 (D. Ariz. Apr. 7, 2016) (granting pre-discovery motion to strike class allegations); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4-6 (C.D. Cal Jan. 16, 2015) (striking class allegations with prejudice that "require[d] individualized inquiries into each putative class member"); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case). Courts have also recognized that permitting a facially uncertifiable class or classes, like Plaintiffs', to proceed to discovery would place an undue burden and expense upon the parties and the Court alike. *See, e.g., Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking where allowing untenable class claims to proceed past the pleadings stage "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)); *Langan v. United Svcs. Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014) (striking where "discovery on the class claims would not shed any additional light" on whether plaintiff would meet Rule 23 requirements).

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiffs Each Fail To State A Claim Under The TCPA.

In Count I (*see* Complaint ¶¶ 55-59), Plaintiff Brown seeks relief under Section 227(b) of the TCPA which, along with its related implementing regulations, provides in pertinent part that no person shall "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1) & (2).  In Count II (*see* Complaint ¶¶ 60-64), Plaintiff Barnes seeks relief under the National DNC Registry provision in Section 227(c) of the TCPA which, along with its related implementing regulations, prohibits *inter alia* the "initiat[ion]" of more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As demonstrated below, however, both

Plaintiffs fail to plead actual ***facts*** supporting the essential elements of their claims, or that SunPower can even be directly or vicariously liable for the calls at issue. Instead, both Plaintiffs rely exclusively on bald conclusions and mere recitations of the law in order implicate SunPower's liability. This is improper and Plaintiffs' entire Complaint should be dismissed under Rule 12(b)(6).

### 1.       Plaintiffs Fail to Plead Facts Supporting Direct TCPA Liability.

As a threshold matter, there are two potential theories of liability under the TCPA: direct liability and vicarious liability. *See, e.g., Rogers v. Postmates Inc*., 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.,* 582 F.App'x 678, 679 (9th Cir. 2014)). In other words, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC,* 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)).

As to the former, it is well accepted that direct liability under the TCPA applies only to persons or entities that "make" or "initiate" calls, which means "***tak[ing] the steps necessary to physically place*** *a call or send a text*. *" Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC,* 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) (emphasis added)); *accord Hamilton v. El-Moussa,* 2020 WL 8993127, at *2 (C.D. Cal. Apr. 30, 2020) (dismissing under Rule 12(b)(6) and citing, *inter alia*, *Thomas*). This rule applies equally to DNC claims asserted under Section 227(c) of the TCPA, as Plaintiff invokes here. *See, e.g., Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (finding allegations that "Defendant made the calls in question" without "further details (i.e., how the caller identified itself or what entity it was calling on behalf of)" did not state direct liability on DNC claim).

Additionally, it is equally well-settled that any TCPA plaintiff hoping to allege a viable direct liability TCPA claim and survive a motion to dismiss must offer more than barebones legal conclusions and speculation that the defendant "made" or "initiated" the calls at issue. Instead, a plaintiff must plead actual facts supporting a plausible inference that the defendant itself, and not some third party, took the steps necessary to "physically" place the calls. *See, e.g., Sheski,* 2020

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

WL 2474421, at *2-4; *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019). Courts in this Circuit routinely dismiss TCPA complaints at the pleadings stage on direct liability grounds that, like Plaintiffs' Complaint here, lack such facts. *See, e.g., Sheski* and *Frank, supra*; *Sepehry-Fard v. Dep't Stores Nat'l Bank,* 15 F. Supp. 3d 984, 987-88 (N.D. Cal. 2014), *aff'd in part,* 670 F.App'x 573 (9th Cir. 2016) (dismissing where "no facts alleged showing *why* plaintiff believe[d] [defendants] were responsible for specifically identified calls") (emphasis in original); *Naiman*, 2019 WL 1790471, at *3 (no direct liability where "no facts from which the Court could infer that an employee of [defendant physically] made the calls"); *Canary v. Youngevity Int'l, Inc*., 2019 WL 1275343, at *3 (N.D. Cal. Mar. 20, 2019) (dismissing TCPA claim on direct liability grounds where allegations were "insufficient to support a plausible inference that [defendant] made the call"); *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing where plaintiff "failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations d[id] not show plausibly that defendant actually, physically initiated the telephone calls at issue"). Such is the case here.

Plaintiffs' threadbare Complaint does not plausibly allege SunPower itself (as opposed to some third party) physically placed the calls at issue, as required to plead a direct liability claim under the TCPA. *See* Complaint ¶¶ 19-42. Rather, both Plaintiffs attribute the calls they received to *separate* entities that are not SunPower.

Plaintiff Barnes claims that he answered a "first call" that he alleges came from an "entity that identified itself as Green Energy Solutions." *See Id*. ¶¶ 28, 30. Plaintiff Barnes fails to allege any relation between Green Energy Solutions and SunPower, or allege how SunPower could be directly liable for a call originating from and seemingly placed by a wholly separate entity. *Id.* And, while Plaintiff Barnes alleges a second call in which he spoke to "Lia Smith, who identified herself as working for SunPower," he fails to allege that SunPower actually *initiated* this call. *Id.* ¶ 32.

Similarly, Plaintiff Brown claims that she "received a prerecorded phone call on her cellular phone" which stated that it "was Brian Lee from 'solar project.'" *Id.* ¶¶ 38-39. Plaintiff Brown makes no allegations tying SunPower to "solar project" except to say that "[t]he ability of the caller

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

to transfer Ms. Brown directly to Sarah at SunPower indicates that the caller either worked at SunPower or was previously authorized to the place [sic] the call by SunPower, as did the confirmatory text and email." *Id.* ¶ 42. This allegation not only makes numerous inferential leaps, but fails to allege how SunPower directly placed the call at issue. *See e.g. Naiman*, 2019 WL 1790471, at *3 (facts must be alleged showing "how the caller identified itself or what entity it was calling on behalf of"). Indeed, Plaintiff Brown essentially concedes that the call itself was ***not*** placed by SunPower, but by some other entity who was "previously authorized" to place the call on SunPower's behalf, or transfer the call to SunPower. *Id.*

In this instance, ***neither*** Plaintiff Barnes nor Plaintiff Brown allege that SunPower ***physically*** placed the calls at issue, as required to establish direct liability under the TCPA. *See In re Dish Network, LLC,* 28 F.C.C. Rcd. 6574, 6583 (2013) ("We conclude that a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call."). Instead, both Plaintiffs rely on conclusory, unintelligible, and circular allegations to hamstring SunPower to calls that were allegedly made by separate entities. *See* Compl. ¶¶ 28-30, 31, 39-40. Such obviously "[c]ontradictory allegations" not only fail to state a direct TCPA liability claim but also "are inherently implausible, and [thus] fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot avoid dismissal under Rule 12(b)(6). *Hernandez v. Select Portfolio, Inc.,* 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015); *see also Sepehry-Fard v. MB Fin. Servs.,* 2014 WL 2191994, at *2 (N.D. Cal. May 23, 2014) (dismissing complaint where "Plaintiff does not plead facts . . . explaining why he believes that Defendant made the offending calls"); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 987-88 (N.D. Cal. 2014), *aff'd in part,* 670 F.App'x 573 (9th Cir. 2016) (dismissing where "no facts alleged showing ***why*** plaintiff believe[d] [defendants] were responsible for specifically identified calls") (emphasis original); *Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (allegation that the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

conclusory to state a plausible claim" for direct TCPA liability).  Therefore, Plaintiffs fail to allege sufficient facts to state a direct liability claim and the Complaint should be dismissed in its entirety on this basis.

### 2.    Plaintiffs Fail to Plead Facts Supporting Vicarious TCPA Liability.

From the face of the Complaint, it does not appear that Plaintiffs purport to assert a vicarious liability theory.  Nevertheless, the pleadings are likewise insufficient to support such a theory. Plaintiffs' TCPA claims should be dismissed under Rule 12(b)(6) for this additional reason.

Courts apply common law agency principles to determine vicarious TCPA liability. *Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 450 (9th Cir. 2018) (citing, *inter alia,* Restatement (Third) of Agency ("Restatement")). On this front, agency requires a consensual relationship between an alleged principal and agent. *See* Restatement, § 1.01, cmt. c ("[A]gency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person."). Specifically, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)). This is "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). "Though 'the precise details of the agency relationship need not be pleaded to survive [dismissal], sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (citation omitted)*.*

Further, in the TCPA context, the Ninth Circuit and other courts have widely recognized that vicarious liability cannot attach without the ***"essential ingredient" of control.*** *See, e.g., Jones,* 887 F.3d at 450; *see also In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig*., 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom*., 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

agency [under the TCPA], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.") (citation omitted).  Thus, federal courts in the Ninth Circuit and elsewhere have consistently dismissed TCPA claims premised on vicarious liability at the pleading stage due to failure to allege sufficient facts establishing an agency relationship with or control over an agent. *See*, *e.g.*, *Rogers,* 2020 WL 3869191, at *8 (dismissing where plaintiff failed "to allege that [the defendant] had some degree of control over who sent the text and the manner and means by which it was sent"); *Naiman,* 2019 WL 1790471, at *2-4 (dismissing where allegations of agency were entirely conclusory); *Phan v. Grand Bahama Cruise Line, LLC*, 2016 WL 1427648, at *2 (N.D. Cal. Apr. 12, 2016) (dismissing complaint where "Plaintiffs have failed to adequately plead any of the three forms of agency necessary to support a claim of vicarious liability"); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (dismissing TCPA complaint with prejudice and stating that a plaintiff "cannot simply allege general control in a vacuum"); *TranzVia*, 2017 WL 5992123, at *6-7 (dismissing where no facts pleaded showing defendant had control over the third party that made calls); *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where no allegations defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller, and where plaintiff pleaded "virtually no [factual] allegations regarding the relationship" between defendant and the caller). The Court should do so here as well.

In this case, neither Plaintiff Barnes nor Plaintiff Brown allege the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. Facts relevant to establishing vicarious liability, and therefore "control" include "how the caller identified itself (e.g., as defendant's employee), the substance of the call (e.g. a statement by the caller that he or she was marketing defendant's goods or services), or any other details from the telephone calls." *Aaronson*, 2019 WL 8953349, at *3.  Neither Plaintiff advances any facts of this caliber.  Instead, Plaintiff Barnes's allegations rest predominately on a call from "Green Energy Solutions," yet he fails to allege ***any*** connection between Green Energy Solutions and SunPower. *See* Compl. ¶¶ 27-31. Moreover,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1   contrary to the body of case law directing otherwise (*see Panacci, supra*), Plaintiff Barnes does not

2   allege any facts related to the substance of the calls suggesting how SunPower may have "control"

3   over Green Energy Solutions or indicating that the purpose of the calls was to discuss SunPower's

4   (or any) goods or services. *Id.* Instead, Plaintiff Barnes merely alleges that he received one call from

5   "Green Energy Solutions" and at some point  spoke with "Lia Smith," purportedly from SunPower

6   (though Plaintiff doesn't allege how exactly it is he came to speak with "Lia Smith").  Compl. ¶¶ 30,

7   32.  Plaintiff Barnes seemingly conflates these two unrelated calls as originating from the same entity.

8   *Id.* Accordingly, Plaintiff Barnes fails to provide sufficient facts as to how SunPower controlled or

9   may be responsible for a call originating from a blatantly unrelated entity.

10   Plaintiff Brown's allegations fare no better.  Indeed, Plaintiff Brown does not plead any facts

11   to show that she received any call ***from or on behalf of SunPower*** involving an artificial voice or

12   prerecorded message. *See* Compl. ¶ 39. In conclusory fashion, Plaintiff Brown alleges that she

13   received a prerecorded call from "Brian Lee" ***at "solar project,"*** before she was transferred to a

14   woman named "Sarah."  Compl. ¶ 40.  Not only does Plaintiff Brown fail to plead any connection

15   between "Brian Lee,"  "solar project," "Sarah,"  and SunPower, but she does not otherwise plead

16   any factual allegations about the content of the message to suggest that the prerecorded call she

17   received was, in any way, related to SunPower or its good or services. Plaintiff Brown's ***only***

18   allegations tying the prerecorded phone call to SunPower are a confirmatory email she later received

19   from "solaradvisors@sunpower.com" after speaking with "Sarah." *Id.* at ¶ 41.[3]  This is inadequate—

20   Plaintiff Brown does not allege that "Sarah" was an employee or representative of SunPower, nor

21   whether the purpose of the call was even to discuss SunPower and/or the services it offers.  *Id.*

22   Moreover, to the extent Plaintiff Brown's entire vicarious liability theory hinges upon a follow-up

23   email, at least one court has found that "follow up emails" are insufficient to establish control over

24   the "entities or individuals who placed the offending calls to Plaintiff." *Smith v. Liberty Mut. Ins.*

25   *Co.*, 2021 WL 1581017, at *5 (D. Mass. Apr. 22, 2021).  Thus, Plaintiff Brown offers this Court no

26

27   ───────────────────
[3] While Plaintiff additionally alleges a "confirmatory text" received from an unidentified redacted
28   number, she does not allege that that number belonged to SunPower, the confirmatory text
referenced SunPower, nor that it was sent by SunPower. *See* Compl. ¶ 41.

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

plausible basis to conclude that the call contained a prerecorded message made by or on SunPower's behalf.  *See e.g.* Compl. ¶¶ 39-41.

In sum, to the extent Plaintiffs seek to hold SunPower liable under the TCPA, either directly or vicariously, their Complaint fails and, thus should be dismissed in its entirety under Rule 12(b)(6). *See, e.g., Gulden v. Consol. World Travel Inc*., 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing and ruling that "*[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims*") (emphasis added).

## B.   Plaintiff Barnes Additionally Fails to Plead Adequate Facts Supporting His "Do-Not-Call" Claim.

Section 227(c) of the TCPA requires that a person who has registered their phone number on the National Do Not Call Registry receive "more than one telephone call within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. 227(c)(5); 47 C.F.R. 64.1200(c); *see also Rombough v. Robert D. Smith Ins. Agency, Inc*., 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022) ("The plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."). In order to be actionable, the telephone calls must amount to a "telephone solicitation." *See* 47 C.F.R. 64.1200(c).  Thus, Plaintiff Barnes's claim fails for at least three additional reasons:

**First**, the TCPA's DNC Registry provision only applies to "telephone solicitations"— defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" absent an applicable exception. 47 C.F.R. §§ 64.1200(c)(2), (f)(15). In this regard, Plaintiff Barnes includes no allegations regarding the content of the calls from which it can be inferred that either of them constituted a "telephone solicitation." *See* Complaint ¶¶ 19-37. At best, he concludes that that call was to "offer[] good or services." *Id*. ¶ 27.  In addition to being a bare recitation of the statutory text, Plaintiff Barnes's conclusory allegation is insufficient to avoid dismissal. *See, e.g., Gulden,* 2017 WL 3841491, at *3 (dismissing where plaintiff "d[id] not describe the calls, but simply aver[red] that the calls were made 'for the purpose of soliciting for [defendant's] products

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1   or services[,]'" which was "nothing more than a conclusion, which *Twombly* specifically

2   prohibits"); *Eggleston v. Reward Zone USA LLC*, 2022 WL 886094, at *7 (C.D. Cal. Jan. 28, 2022)

3   (ruling similarly and dismissing claims under Section 227(c) of the TCPA).

4   **Second,** under Section 227(c)(5) only "[a] person who has received **more than one**

5   telephone call within any 12-month period **by or on behalf of the same entity**" may bring a National

6   DNC claim under the TCPA. (emphasis added).  Here, Plaintiff Barnes has not received more than

7   one call **by or on behalf of SunPower**.  Instead, while Plaintiff details the receipt of two alleged

8   calls,  the first call is solely attributable to "Green Energy Solutions." *See* Compl. ¶ 30 ("A later

9   return call to that number to an entity that identified itself as Green Energy Solutions.").  As set

10  forth above, (*see* pp. 7-**Error! Bookmark not defined.**, *supra*), Plaintiff Barnes does not allege

11  **any** affiliation, connection, or relationship between Green Energy Solutions and SunPower.

12  Further, the later "live" appointment reminder calls from "Patrick Hubbard" (who Plaintiff also

13  fails to allege is connected to SunPower) occurred after Plaintiff Barnes "played along" and

14  "feigned interest" and provided his consent to be contacted by the appointment department.  *See*

15  Compl. ¶ 36.  These subsequent "live" calls were transactional, and not alleged to be telephone

16  solicitations; thus, they do not count towards the total call count necessary to sustain Plaintiff

17  Barnes' DNC Registry claim under Section 227(c)(5). *See* 47 C.F.R. §§ 64.1200(c)(2), (f)(15).

18  Therefore, as Plaintiff fails to allege receipt of "more than one" "telephone solicitation" by or on

19  behalf of SunPower, he does not have a viable DNC claim.  *See* § 227(c)(5).

20  **Third**, Plaintiff also tellingly does <u>not</u> allege facts suggesting that he is the actual "subscriber"

21  of the subject phone number[4] or that he **himself** registered that number on the National DNC

22  Registry,[5] in accordance with the plain language of the statutory text. *See Satterfield v. Simon &*

---

23  [4] The FCC has indicated that a "residential telephone subscriber" in the DNC context is the person

24  whose **name appears on the account and receives the billing statements** for a residential telephone
    line. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd. 14014, 14049, ¶ 56 (2003)
    (carriers must inform "subscribers" of DNC registration opportunities "in the customer's bill"); *see*

25  *also* 47 C.F.R. § 64.2305(d) *and* 47 C.F.R. § 64.1100(h) (defining residential subscriber similarly).
    Plaintiff pleads no such facts here, let alone concludes that he is the "subscriber" of the subject

26  number.

27  [5] Again, the DNC provision of the TCPA only applies to a "residential telephone subscriber **who has**
    **registered his or her** telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47

28  C.F.R. § 64.1200(c)(2) (emphasis added). This Court should apply this clear and unambiguous

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1  *Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009) (concluding that the statutory text of the TCPA is

2  clear and unambiguous, holding: "The preeminent canon of statutory interpretation requires us to

3  presume that [the] legislature says in a statute what it means and means in a statute what it says there.

4  Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous.")

5  (quoting *McDonald v. Sun Oil Co.,* 548 F.3d 774, 780 (9th Cir. 2008)). Failure to allege facts

6  supporting these other essential elements of Plaintiff's purported DNC claim further warrants

7  dismissal. *See Rombough,* 2022 WL 2713278, at *3 (dismissing DNC claim where "Plaintiff [did]

8  not allege, either directly or indirectly, that she registered her telephone on the do-not-call registry");

9  *see also Bank v. Spark Energy, LLC,* 2020 WL 5752185, at *5–6 (E.D.N.Y. Sept. 24, 2020), *aff'd,*

10  2021 WL 2324950 (2d Cir. June 8, 2021) (dismissing for failure to plead facts supporting elements

11  of asserted DNC claim).  As Plaintiff Barnes provides no facts that ***he himself*** registered his telephone

12  on the National Do-Not-Call registry, nor that he is the subscriber of the telephone number, his claim

13  is subject to dismissal.

14  **C.**   **Plaintiffs Lack Article III Standing to Bring Their Claims.**

15       Dismissal is required where, as here, a plaintiff fails to establish Article III standing.

16  *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1147 (9th Cir. 2013). **First**, Plaintiffs each fail

17  to allege facts to show all necessary elements of Article III standing, particularly, causation and

18  redressability.[6]  For causation, the "injury in fact" must be "fairly traceable" to the ***defendant's***

19  conduct. *Lexmark*, 572 U.S. at 125; *see also Lujan*, 504 U.S. at 560-61 (an injury is not fairly

20  traceable to the defendant if the injury complained of is "th[e] result [of] the ***independent action of***

21  ***some third party not before the court***") (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426

22  U.S. 26, 41-42 (1976)) (emphasis added). As shown above, Plaintiffs Barnes and Brown each fail

23  to plead any facts showing, *inter alia*, (i) any conduct directly or indirectly attributable to

24  SunPower; (ii) any basis for concluding the parties who called were SunPower's "agents"; (iii)

25  what control SunPower had over those third parties; or (iv) any basic facts about the content of the

26  _____

language of the statutory text here.

27  [6] Moreover, "[e]ach plaintiff bears the burden of establishing that he/she has standing for each claim

28  and for each form of relief claimed." *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1055 (N.D. Cal. 2015).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

calls. *See* discussion at pp. 7-**Error! Bookmark not defined.**, *supra*. Moreover, because Plaintiffs have pled no facts showing any wrongful conduct attributable *to* SunPower, their injuries are incapable of being redressed *by* SunPower. *Wash. Envtl. Council*, 732 F.3d at 1146 (Plaintiffs must show a "connection between the alleged injury and requested judicial relief."). Because Plaintiffs fail to allege any facts tracing their purported injuries to SunPower, and because imposing statutory or other damages on SunPower or enjoining SunPower cannot prevent or correct violations by unknown third parties, both Plaintiffs lack Article III standing. *See*, *e.g., Freidman*, 2013 WL 3026641, at *4 (no Article III standing where plaintiff did not plead direct or vicarious liability); *Hicks*, 2020 WL 9261758, at *5 (same, holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" under 12(b)(1)); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly).  Both Plaintiffs' claims must be dismissed accordingly.

**Second**, to establish Article III standing to seek injunctive relief in ***any*** federal case, Plaintiffs must plead plausible facts suggesting a possible future injury. *See, e.g.*, *Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108-09 (1998) (a "generalized interest in deterrence" is insufficient to demonstrate Article III standing for injunctive relief). Failure to allege this warrants dismissal. *See, e.g., Miller,* 2016 WL 7471302, at *2-4; *Schaevitz v. Braman Hyundai, Inc.,* 437 F. Supp. 3d 1237, 1251-52 (S.D. Fla. 2019). Here, Plaintiffs only make a generalized request for injunctive relief (*See* Compl. ¶ 59, 64; Prayer), but they do not allege any possible future injury and, thus, lack standing to seek injunctive relief in this case. *See, e.g., Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2-4 (C.D. Cal. Dec. 27, 2016) (dismissing claim for injunctive relief in TCPA case on this basis).

**D.** **Alternatively or In Addition, The Court Should Strike Plaintiffs' Faulty Class Allegations Under Rules 12(f) and/or 23.**

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.* 618 F.3d at 973. Regarding class certification, the Supreme Court has observed that "[s]ometimes the

issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  In this regard, a court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D Cal. 2010); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see* Fed. R. Civ. P. 23(d)(1)(D) (In a class action, a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."). Here, should either of Plaintiff's fatally-flawed claims survive dismissal, the Court should nevertheless strike Plaintiffs' two faulty class definitions and other class-related allegations from the Complaint pursuant to Rules 12(f) and/or 23, as both classes are facially overbroad, and therefore uncertifiable, and neither Plaintiff is a member of the class they seek to represent.

### 1.      Both Classes Are Facially Overbroad.

Both the "Cellular Telephone Class" and the "DNC Class" should be stricken because they include individuals who, as a matter of law, cannot have valid claims against SunPower. Courts, including those in the Ninth Circuit, have also stricken overly broad class definitions that include individuals who suffered no harm based on lack of standing, lack of ascertainability, or simply because the class definition could never satisfy Federal Civil Rule 23. *See, e.g. Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012) (affirming denial of class certification where proposed class definition "impermissibly include[d] members who have no cause of action"); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (affirming denial of class certification because the proposed class included members who had no cause of action as a matter of law); *Hernandez v. State Farm Fire & Cas. Co.*, 2017 WL 932198, at *4 (S.D. Cal. Mar. 9, 2017) (granting motion to strike because of overly broad class definition that included putative "class members [who] were not injured, and lack standing to sue. This, by itself, would prevent the case from proceeding as a class action."); *Lyons v. Bank of American N.A.*, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1   (granting motion to strike class allegations where proposed class included "many members who have

2   not been injured"); *Tietsworth*, 720 F. Supp. 2d at 1146 (granting motion to strike class allegations

3   because the complaint seeks relief on behalf of individuals who may have not experienced the

4   washing machine malfunctions at issue); *Sanders*, 672 F. Supp. 2d 978, 990-91 (striking class

5   allegations because the class involved individuals who suffered no damages); *O'Neill v. The Home

6   *Depot U.S.A., Inc*., 243 F.R.D. 469, 477-78 (S.D. Fla. 2006) (putative class definition that includes

7   class members who may not have suffered any injury is overly broad and improper).

8          With respect to the "Cellular Telephone Class," the TCPA expressly precludes claims made

9   by individuals that consented to be called. *See* 47 U.S.C. § 227(b)(1)(A) (excluding from liability any

10  "call made for emergency purposes or made with the prior express consent of the called party."

11  (emphasis added)). Despite this express exemption, Plaintiff Brown's proposed class includes: "[a]ll

12  persons in the United States to whom: (A) Defendant, any of them and/or a third party acting on any

13  of their behalf made a pre-recorded call; to a cellular telephone number; (B) using an artificial or

14  prerecorded voice; from four years prior to the filing of the complaint to the first day of trial." Compl.

15  ¶ 45.  Moreover, Plaintiff fails to specify the ***type*** of pre-recorded call included in the class definition.

16  Therefore, informational, non-marketing prerecorded calls would be included in the class definition,

17  and these calls do not necessarily violate the TCPA.  *See* 47 C.F.R. 64.1200(a)(2). Such class

18  definition, on its face, fails to exclude individuals who provided SunPower with prior express written

19  consent to be contacted, and who therefore could not have been injured by such contact, therefore is

20  improperly overbroad as including individuals who have no claim for relief.

21         For similar reasons, the "DNC Class" is also overbroad.  The DNC Class includes "[a]ll

22  persons in the United States to whom: (A) Defendant, any of them and/or a third party acting on any

23  of their behalf sent a telemarketing call; (B) to a residential (including residential cellular) telephone

24  number listed on the NDNCR for at least 31 days before at least two of such communications in a

25  12-month period; (C) from four years prior to the filing of the complaint to the first day of trial." This

26  class is overbroad for two reasons: (1) the class fails to exclude individuals who provided their prior

27  express invitation or permission to be contacted by SunPower; and (2) the class includes individuals

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1 who have an existing business relationship with SunPower, and in either case, such individuals lack

2 an actionable claim.

3        First, a caller is not liable under the TCPA's do-not-call provisions if it can show that "[i]t has

4 obtained the subscriber's prior express invitation or permission" to receive telephone calls. 47 U.S.C.

5 § 64.1200(c)(2)(ii).  Here, the class definition fails to exclude individuals who provided their prior

6 express invitation or permission to be contacted by SunPower.  *See* Compl. ¶ 46. The putative class

7 therefore includes individuals who were contacted lawfully, rendering the class facially overbroad.

8        Second, SunPower is not liable under the TCPA to individuals on the National Do-Not-Call

9 Registry with whom it had an existing business relationship at the time of any call placed to them.

10 *See* 47 C.F.R. § 64.1200(f)(5) (defining existing business relationship); *In Re Rules & Reguls.*

11 *Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14143 (2003) ("The

12 'established business relationship' permits telemarketers to call consumers registered on the national

13 do-not-call list and to deliver prerecorded messages to consumers.").  The class definition presently

14 includes these individuals as well, providing further evidence that the definition is overbroad.

15 Accordingly, the DNC class is impermissibly overbroad and not certifiable in its current form.

16        Allowing this action to proceed with such overbroad class definitions would work an inherent

17 unfairness to SunPower, which would be required to undertake the burden and expense of providing

18 discovery on, and defending against, putative classes that contain individuals who have ***no***

19 ***conceivable claim for relief***.  *See Bautista v. Valero Mktg. & Supply Co.*, 2018 WL 11356583, at *6

20 (N.D. Cal. Dec. 4, 2018) (stating that class certification is inappropriate if the proposed class contains

21 "a great many persons who have suffered no injury at the hands of the defendant" because of the "in

22 terrorem character" of class actions) (citing *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677-

23 78 (7th Cir. 2009)). Therefore, the class allegations should be stricken as overbroad.

24        **2.     Neither Plaintiff Is a Member of the Class They Seek to Represent.**

25        Federal Civil Rule 23(a)(3) requires that an individual plaintiff's claims be typical of those

26 that would be advanced by the proposed class. Fed. R. Civ. P. 23(a)(3). The test for Rule 23(a)

27 typicality is "whether other members have the same or similar injury, whether the action is based on

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). When evaluating a putative class, the court must "ensure that the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Mendoza v. Home Depot, U.S.A. Inc.*, 2010 WL 424679, at *5 (C.D. Cal. Jan. 21, 2010). In that regard, the Supreme Court has stated that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Falcon*, 457 U.S. 147 at 156 (internal quotation marks omitted).[7]

Here, neither Plaintiff Brown nor Plaintiff Barnes are members of the respective classes that they seek to represent. In particular, ***both*** Plaintiffs fail to allege that SunPower is directly or vicariously liable for the alleged calls that they received, and therefore, neither Plaintiff Brown nor Plaintiff Barnes have an actionable claim against SunPower. Further, Plaintiff Barnes' do-not-call claim is not viable, as he fails to allege that he received ***more than one*** call by or on behalf of SunPower, has not alleged receipt of a "telephone solicitation" from SunPower, and does not allege that ***he*** was the subscriber to register his phone number to the National DNC Registry. *See* Section IV.B. *supra.* Because Plaintiff Barnes has not met the requirements to sustain a claim under § 227(c), he is not a member of the putative class he seeks to represent for this additional reason. As both Plaintiffs have not suffered actionable violations attributable to SunPower, they have not "suffer[ed] the same injury as the class members" and cannot represent their respective classes. *Falcon*, 457 U.S. 147 at 156.

### 3.   Plaintiffs' Remaining Class Allegations are Superfluous.

Since Plaintiff's class definitions are properly stricken for the reasons above, all remaining "class" allegations (*see, e.g.,* Complaint ¶¶ 45-64 and Prayer) are superfluous and are properly

---

[7] Moreover, "[t]hat a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996). Thus, "[a] lead plaintiff cannot prosecute a class action based on claims he could not advance individually." *In re Wells Fargo Mortgage–Backed Certificates Litig.*, 712 F.Supp.2d 958, 965 (N.D.Cal. 2010).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

1   stricken as well. *See Flores v. City of Cal. City,* 2019 WL 1934016, at *6 (E.D. Cal. May 1, 2019)

2   (striking "any reference to a class, Rule 23, or a class action" after dismissal of class claims).

3   ## V.      THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

4        Dismissal with prejudice is appropriate where "a more carefully drafted complaint could

5   not state a claim for which relief can be granted." *Nero v. Seifert*, 2017 WL 2687624, at *5 (D.

6   Ariz. June 22, 2017).   Here, neither Plaintiff can amend their deficiencies in the Complaint.   In

7   particular, Plaintiff Brown fails to allege receipt of a prerecorded call by or on behalf of SunPower.

8   *See supra* pp. 7-13.   Moreover, Plaintiff Barnes fails to allege (and, indeed, cannot allege) the

9   requisite elements of his DNC claim under § 227(c). *See supra* pp. 13-15. As both Plaintiffs fail to

10  have actionable claims against SunPower, further amendment would be futile.

11  ## VI.      CONCLUSION

12       For all the reasons above, SunPower respectfully requests that the Court enter an order (i)

13  dismissing the Complaint, in its entirety and with prejudice, for failure to state a claim under Rule

14  12(b)(6) and/or for lack of Article III standing under Rule 12(b)(1); and/or (ii) striking Plaintiffs'

15  class-related allegations under Rules 12(f) and 23.

16

17   Dated: September 21, 2022                  MANATT, PHELPS & PHILLIPS, LLP

18

19                                             By: /S/ Alexandra N. Krasovec
                                                   Christine M. Reilly
20                                                 Alexandra N. Krasovec
                                                   Erin M. Gilmore
21
                                                   *Attorneys for Defendant*
22                                                 *SunPower Corporation*

23

24

25

26

27

28

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on September 21, 2022, which served same electronically upon all counsel of record.

*/S/ Alexandra N. Krasovec*
Alexandra N. Krasovec

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 3:22-CV-04299-TLT