Edward A. Broderick, *Admitted Pro Hac Vice*
ted@broderick-law.com
BRODERICK LAW, P.C.
176 Federal St., 5th Floor
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

[Additional counsel appear on signature page]

*Attorney for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| TREVOR BARNES and STEPHANIE BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION<br><br>Defendant. | Case No. 3:22-cv-4299-TLT<br><br>**PLAINTIFFS' OPPOSITION TO DEFEDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR TO STRIKE THE CLASS ALLEGATIONS**<br><br>DATE: DECEMBER 6, 2022<br>TIME: 2:00 P.M.<br>CTRM: 9<br>JUDGE: HON. TRINA L. THOMPSON |

Plaintiffs Trevor Barnes ("Mr. Barnes") and Stephanie Brown ("Ms. Brown") (together "Plaintiffs") respectfully submit this memorandum in opposition to the Motion to Dismiss Plaintiffs' Complaint and/or to Strike the Class Allegations filed by defendant SunPower Corporation's ("Defendant" or "SunPower").

**I.      Introduction**

Defendant's Motion to Dismiss ignores the plain allegations of Plaintiffs' Complaint and asks the Court to dismiss their Complaint with prejudice based on its mischaracterizations of both Plaintiffs' "short and plain" allegations supporting their "Do Not Call" and pre-recorded messages claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Contrary to the thrust of Defendant's motion, both Plaintiffs have alleged that the calls were placed by SunPower itself. Moreover, a Do Not Call Plaintiff does not need to allege, as Defendant would have it, that he or she personally put a number on a the Do Not Call Registry or that he or she is a subscriber. To the contrary, the prohibition on calls to numbers on the Do Not Call list does not require that an individual be the one to place the number on the list and extends to regular users of the called number, regardless of whether they are the subscriber to the phone number. Defendant's half-hearted Article III claim is merely a reiteration of its misguided claim that Plaintiffs have not adequately alleged vicarious liability, when Plaintiffs have alleged *direct* liability by SunPower and ignores binding Ninth Circuit precedent holding that a TCPA violation constitutes an injury-in-fact for Article III purposes.

Finally, Defendant's premature argument that Plaintiffs' class allegations should be stricken as plaintiff has not excluded call recipients who SunPower alleges provided their consent or fails as consent is an affirmative defense under the TCPA. A plaintiff is not required to plead around an affirmative defense in order to state a claim upon which relief may be granted. Moreover, SunPower's claim that plaintiff should have excluded individuals who consented to receive the calls is incorrect as a matter of law as that revision would create a prohibited "fail-safe" class under Ninth Circuit law.

## II.     Facts alleged in the Complaint

In their Complaint, Plaintiffs clearly spelled out what the case is about: "[t]his case involved a campaign by SunPower to market its solar services though the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"), such as a call to Ms. Brown on May 31, 2022." Compl., Dkt. 1, ¶ 2. Plaintiffs further alleged that SunPower made "telemarketing calls to cellular telephone numbers like Mr. Barnes', that were registered on that National Do Not Call Registry." *Id.* ¶ 3. Plaintiffs further noted that "[t]his case is not SunPower's first time standing accused standing accused of violating the TCPA on a systematic basis. *See Fabricant v. SunPower Corporation*, 4:20-cv-00114-PJH, NDCA, San Jose Division."

Plaintiff Barnes alleged that his telephone number has been on the National Do Not Call Registry for more than 31 days prior to June 2, 2022, when, "SunPower called the Mr. Barnes phone number twice on June 2, 2022 offering its goods or services." *Id.* ¶¶ 20-21, 27. Mr. Barnes further alleged that his number is a personal, residential number used for household purposes, is not associated with any business and that he did not give his number to SunPower and never consented to receive calls from SunPower. *Id.* ¶¶ 20-25. During the call, Mr. Barnes spoke with Lia Smith, who identified herself as working for SunPower, *Id.* 32.

Plaintiff Brown alleges that on May 31, 2022, she "received a prerecorded phone call on her cellular telephone." *Id.* 38. "The prerecorded message stated it was Brian Lee from "solar project" and stated is interested in solar panels, press a number." *Id.* ¶ 39. "In order to find out who was behind the illegal pre-recorded call to her cell phone, Ms. Brown pressed the number and spoke with a woman named Sarah who gave her a call back number of 817-813-XXXX and made an appointment for June 1, 2022." *Id.* ¶ 40. "Ms. Brown additionally received a

- 3 -
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR
TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*

confirmatory text from 510-426-XXXX and a confirmatory email from solaradvisors@sunpower.com. *Id.* ¶ 41. Plaintiff Brown further alleged "[t]he ability of the caller to transfer Ms. Brown directly to Sarah at SunPower indicates that the caller either worked at SunPower or was previously authorized to the place the call by SunPower, as did the confirmatory text and email. Id. ¶ 42.

### III.     Argument

**1.    Plaintiffs sufficiently allege the calls were made by SunPower Energy itself**

A TCPA claim for a violation of the National Do Not Call Registry requires that a Defendant make calls "for the purpose of soliciting or encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15). Mr. Barnes has alleged just that. In evaluating whether or not a call is a solicitation under a telemarketing statute, the Court evaluates the question of whether a message or phone call constitutes a telephone solicitation by looking at the context of the message and by using "a measure of common sense." *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Plaintiff Barnes directly alleges that SunPower called him twice on June 2, 2022 offering its goods or services. Indeed, during one such call, Mr. Barnes spoke with a woman named Lia Smith who identified herself as working for SunPower. SunPower's attempt to transform those allegations into a case for vicarious liability should be rejected.

Similarly, Plaintiff Brown alleges that she received an illegal prerecorded call to her cell phone placed by SunPower itself. Plaintiff Brown believes that SunPower placed the call itself, which offered solar panels, as following the prompt led her directly to a woman named Sarah who identified herself as working for SunPower and sent her a confirmatory email from a SunPower email address. No more is needed to allege direct liability. Of course, at this stage of the

proceedings, all allegations must be accepted as true, all reasonable factual inferences drawn in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court may grant Defendant's Motion only if no relief could be granted under any set of facts that could be proved. *See Werwinski v. Ford Motor Co.,* CIVIL ACTION NO. 00-943, 2000 U.S. Dist. LEXIS 11977, at *4 (E.D. Pa. Aug. 14, 2000). Despite this, all factual attacks made by SunPower in its motion are clearly explicable. Ms. Brown received an illegal prerecorded call promoting solar panels, pressed the prompt and was connected with a SunPower employee who promoted their services. As a result, at this stage it is plausible, if not necessary, to infer that SunPower itself called Plaintiff Brown, and that as a result, Plaintiff's injury from the calls is traceable to SunPower. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019) ("[E]ven a showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement.").

The cases SunPower cites do not change that conclusion as they all address purportedly inadequate allegations of vicarious liability. Dkt. 24 at 10-13. Here, both plaintiffs allege that SunPower itself placed the call related to their attempted to complete a sale to Plaintiffs. Indeed, while recently dealing with a motion to dismiss making similar arguments in a TCPA case, another court denied the motion holding:

> The question before the Court at this juncture is whether Plaintiff pleads a valid cause of action, not whether Plaintiff establishes the claim. Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the subject calls.
>
> For example, Sunpro argues that Plaintiff fails to "support" a plausible inference that Sunpro is directly or vicariously liable for the calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue. But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even

> includes the phone numbers and the dates she received the calls. To the extent Sunpro disputes that it directly placed the calls, Sunpro may take discovery on this matter and argue the issue at the dispositive motion stage.
>
> Sunpro next argues that, because Plaintiff failed to plead facts showing any conduct attributable to Sunpro as opposed to third parties, Plaintiff lacks Article III standing. The Court quickly disposes of this argument because the Court concludes that the Amended Complaint sufficiently alleges that Sunpro placed the subject calls. Sunpro's remaining arguments in favor of dismissal are denied for the reasons stated in Plaintiff's response.

*Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30PRL, 2021 U.S. Dist. LEXIS 181916, at *6-7 (M.D. Fla. Sep. 23, 2021). Similarly here, the Plaintiff has alleged the date and even the specific content of the calls as well as the fact that SunPower employees spoke to Plaintiffs. Defendant's motion to dismiss therefore fails with regard to Plaintiffs' liability and standing allegations.

### 2. As Plaintiffs have stated claims under the TCPA, they have Article III standing under unequivocal binding Ninth Circuit precedents

Defendant's challenge to Plaintiffs' standing under Article III rests entirely on Defendant's misreading of Plaintiffs' Complaint as not stating a case of direct liability. For this reason alone, Defendant's claim that Plaintiffs have not alleged facts showing an injury "traceable" to Defendant's conduct fails. As the Ninth Circuit has squarely held, "[a] plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.' *Id.* at 1549 (emphasis in original)." *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1043 (9th Cir. 2017).

SunPower also claims that Plaintiffs lack standing to pursue injunctive relief asserting that Plaintiffs are required to plead imminent harm for future violations of the TCPA. While they both

- 6 -

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*

have made sufficient allegations in this regard, it is not required under the TCPA's statutory provision for injunctive relief:

> The Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(3), creates a private right of action and allows a Court to order injunctive relief, monetary relief, and treble damages. Plaintiff is not seeking a preliminary injunction, which would require a showing of likelihood of success on the merits and irreparable harm. Defendant argues that Plaintiffs allegations do not suffice to establish either prong, and are inadequate to state a claim for treble damages.
>
> In *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004), the Eleventh Circuit differentiated statutory and non-statutory injunctions. It specified that where a statute bans certain conduct or establishes certain rights, a court may grant an injunction to enforce the statute. Where plaintiff sufficiently alleges a claim for a statutory violation, that is all that is required to request injunctive relief in a complaint. To request treble damages, the Plaintiff must allege a willful violation. Here, Defendant argues the Plaintiff does not sufficiently allege the traditional elements for injunctive relief or for an award of treble damages. Because the Plaintiff need not allege the traditional elements for injunctive relief, the Court denies the motion on that issue.

See *Gutierrez v. Fla. Advert. & Mktg. Corp.*, 387 F. Supp. 3d 1410, 1411 (S.D. Fla. 2019).

Factually, SunPower ignores the fact that Plaintiffs received telemarketing calls from SunPower *after* SunPower had previously been sued for telemarketing and indeed Mr. Barnes received a second call after stating that he was not interested. Dkt. 1, ¶¶ 4, 28. Plaintiffs have met SunPower's non-existent standard for demonstrating a risk of future harm.

Here, since discovery has not commenced, there has been no showing that SunPower made any calls with consent. Another TCPA case regarding an energy company denied a similar motion holding, "[t]he Court declines to engage in the "rigorous analysis" required to determine whether class certification is appropriate without full briefing on class certification." *Richardson v. Verde Energy USA, Inc.*, 354 F. Supp. 3d 639, 654 (E.D. Pa. 2018). Moreover, discovery can be

used to identify which telephone numbers that were called had provided consent and any other class member identification issues. *See, e.g., Mey v. Frontier Communications Corp.*, No. 13-cv-01191-MPS, slip op. (ECF 102) (D. Ct. 2015); *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 329 (W.D. Okla. 2018). Finally, SunPower's claim that Plaintiffs are not members of the classes they seek to represent rests entirely on their flawed reading of Plaintiffs Complaint as stating a case of vicarious liability.

**3. Defendant's assertion that Plaintiffs' proposed classes are overbroad is without merit**

Defendant asserts that Plaintiffs' class claims should be stricken because they have not excluded individuals that consented to be called. Dkt. 24 at 17-19. What Defendant overlooks is that the Ninth Circuit has held,

> [e]xpress consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof.**3** *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (Jan. 4, 2008) (the "2008 Order") ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent . . . . Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent."); *see also Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011) ("'[E]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof.").

*Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1044 (9th Cir. 2017). The Ninth Circuit has additionally held, "a plaintiff does not need to anticipate and plead around all potential defenses." *Dominguez v. FS1 L.A., LLC*, No. CV 15-09683-RSWL-AJWx, 2016 U.S. Dist. LEXIS 65657, at *4 (C.D. Cal. May 17, 2016) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980) and *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d

- 8 -
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR
TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*

899, 901 (7th Cir. 2004)).

The Federal Rules of Civil Procedure require parties simply to provide each other with fair notice of their claims. Under Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiff is required only to set forth its claims with a "short and plain statement." In 2007, the Supreme Court further interpreted Rule 8 to require a plaintiff to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions. . . .'"). A defendant may seek to test the sufficiency of this statement under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a court may not dismiss a complaint when a plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Importantly, a Rule 12(b)(6) motion does not test the merits of the claim. Rather, it simply tests whether a plaintiff has adequately stated a claim. 5B Wright & Miller, Federal Prac. & Proc. Civil 3d § 1357. On the other hand, Rule 8(c) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense, including: . . . laches. . . ." And, Rule 8(b) much like Rule 8(a), requires that party to "state in short and plain terms its defenses to each claim." These defenses must be set forth in the defendant's answer. *Id*. Over a hundred years ago, the Supreme Court recognized that a plaintiff did not have to anticipate defenses to their claim in their complaint. Rather, in the "orderly course, the plaintiffs were required to state their own case in the first instance, and then to deal with the defendants' after it should be disclosed in the answer." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914).

An affirmative defense can only serve as a basis for dismissal in the exceedingly rare circumstance in which a plaintiff "pleads itself out of court." *Id*. quoting *Xechem*, 372 F.3d at 901.

- 9 -
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR
TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*

Circuit courts have recognized that such a dismissal is rarely appropriate. In *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018); *Richards v. Mitcheff*, 696 F.3d 635, 638-638 (7th Cir. 2012). As demonstrated herein, this is not that exceedingly rare case as Plaintiffs' complaint does not "admit" that SunPower called anyone with consent. To the contrary, Plaintiffs allege that specifically that the calls to them and members of the classes were placed "without prior express written consent." Dkt. 1 ¶56. Accordingly, dismissal of class allegations is inappropriate *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."); *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." (quoting *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007))). Similarly, a motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

      Defendant faults Plaintiffs for not excluding individuals who consented to receive calls from the class definition. However, had Plaintiffs done so, the class could have been considered "fail-safe" where only class members with valid claim could be members of the class, with consenting class members defined out of the class. A fail-safe class would deprive the Defendant would be deprived of the ability to secure a judgment in its favor. Though Plaintiffs do not believe that SunPower obtained the appropriate prior express written consent for its calls with the called party, the Plaintiff made a conscious decision to not include language about individuals who have not provided their "prior express written consent" in the class definition, as other federal courts *have*

*found that* to be an impermissible fail-safe class in TCPA cases. In *Sauter v. CVS Pharmacy, Inc*, a court held that a TCPA plaintiff needed to amend his class definition because he included that language in a TCPA proposed class definition:

> Each of the Plaintiff's proposed classes is defined to include only those individuals who did not expressly consent to the receipt of the defendant's phone calls made with the use of an ATDS. Because the TCPA prohibits calls to cellular telephones using ATDSs unless prior express consent has been given, defining the class to include anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class…However, if the Plaintiffs are unsuccessful in meeting their burden of proof, the class does not exist and the class is not bound by the judgment in favor of the Defendant. This is the definition of a prohibited fail-safe class.

*Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *8-9 (S.D. Ohio May 7, 2014). Other courts agree. *See e.g. Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 (E.D. Mich. 2015). Here, the Plaintiffs avoided that potentially fatal flaw in drafting.

Even at the class certification stage, evidence of a defense as to some prospective class members does not render a class overbroad if the plaintiff demonstrates a means of ultimately excluding consumers that are subject to the defense from the class, as the Ninth Circuit has held. *See True Health Chiropractic v. McKesson Corp.*, 896 F.3d 923, 932-33 (9th Cir. 2018) (predominance satisfied where "the record shows . . . little or no variation" in the forms used to obtain consent). Here, since discovery has not commenced, there has been no showing that SunPower made any calls with consent or based on the existence of an established business relationship.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*

### 4. Plaintiff Barnes is not required to allege that he was the subscriber to his cell phone, or that he personally placed his number on the National Do Not Call Registry

SunPower attacks Mr. Barnes' Do Not Call claim asserting that he does not allege that he is the actual subscriber of the subject phone number or that he himself registered the number on the National Do Not Call List. If any decision has ever so held, SunPower doesn't cite it, and Defendant's position is wholly foreclosed by the Fourth Circuit affirmance of a jury verdict in favor of a Do Not Call class in *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643 (4th Cir. 2019). forecloses the argument.

In *Krakauer,* the panel encountered the similar argument "that the private right of action in § 227(c)(5) must be limited to 'subscribers' [i.e., the person primarily responsible for paying the phone bill] because it is telephone subscribers who can list their phone numbers on the national Do-Not-Call registry." 925 F.3d at 657 (quoting 47 C.F.R. § 64.1200(c)(2)). The Court said no.

> [Section 227(c)(5)] allows suit by any "person" who "received" calls that were placed "in violation of" the TCPA regulations. 47 U.S.C. § 227(c)(5). Its coverage is clear, as are its limits. The text of the TCPA notes that it was intended to protect "consumers," not simply "subscribers," who were "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers." Pub. L. No. 102-243, § 2(6). It protects these persons from "[u]nrestricted telemarketing," which "can be an intrusive invasion of privacy." *Id*. § 2(5). A non-subscriber who receives a call can suffer a privacy intrusion just as easily as a subscriber can.

*Id.* at 656. With such clear statutory text, the court saw no reason that the private right of action should be limited only to those who can list their numbers on the registry. If a wife, as the subscriber, lists a home telephone on the Do-Not-Call registry, but her husband happens to be the one who receives the improper calls, the law has still been violated. Both the wife and the husband can suffer the harm that Congress sought to deter, and both are 'persons' able to bring a claim under § 227(c)(5). *Id.* at 657.

If in *Krakauer* there was no reason to limit the right of action "only to those who *can* list their numbers on the registry," then there is no reason to do what SunPower urges here and limit the right of action to the person who *does* list their number on the registry. For purposes of the class claims here, and under *Krakauer*, it does not matter *who* lists the number on the registry.

Other decisions align. One court noted the TCPA does not "require a called party to personally register his or her own number on the DNC Registry." Instead, the regulations require that "do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the *consumer* or the telephone number is removed from the database administrator." *Williams v. Pillpack LLC,* No. C19-5282, 2021 WL 535215, *8 (W.D. Wash. Feb. 12, 2021) (emphasis in original) (citing 47 C.F.R. § 64.1200(c)(2)). *See also Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912, 2017 WL 2838075 (D. Conn. June 30, 2017) (person whose number is on the DNC Registry and receives telemarketing calls can sue, regardless of whether the person personally listed the number on the registry).

> Section 227(c)'s clear bright-line rule — telemarketers may not call numbers on the DNC Registry — does not require individualized inquiry into who listed a number on the Registry. As Judge Wilkinson stated, to impose such these sorts of requirements "would contort a simple and administrable statute into one that is both burdensome and toothless. It would be dispiriting beyond belief if courts defeated Congress' obvious attempt to vindicate the public interest with interpretations that ignored the purpose, text, and structure of this Act at the behest of those whose abusive practices the legislative branch had meant to curb."

*Krakauer,* 925 F.3d at 663.

**5. There is no Basis to strike Plaintiff's class allegations**

Striking a pleading "is a drastic remedy to be used sparingly because of the difficulty of deciding a case without a factual record." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142 (E.D.

Pa. 2011)(quoting *BJ Energy LLC v. PJM Interconnection, LLC*, 2010 U.S. Dist. LEXIS 36969, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010)).

There is a high standard and limited circumstances under which it is appropriate to strike class allegations at the pleading stage as the Third Circuit explained in a TCPA case, *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-95 & n.30 (3d Cir. 2011) (holding that a court may deny class certification before discovery only if the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met," and explaining that "in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented"). Other Circuit Court of Appeals agree. *See Bridging Cmtys. Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1126 (6th Cir. 2016) (holding in a TCPA case "the mere mention of a defense is not enough to defeat the predominance requirement of Rule 23(b)(3)" and that "allowing such speculation to dictate the outcome of a class-certification decision would afford litigants in future cases wide latitude to inject frivolous issues to bolster or undermine a finding of predominance."). As a result, district courts have been cautious in considering motions to strike class allegations and have denied such an extreme remedy. *See e.g., Abella v. Student Aid Ctr., Inc.*, No. 15-3067, 2015 U.S. Dist. LEXIS 147299, *10 (E.D. Pa. Oct. 30, 2015) (denying motion to strike class allegations in TCPA action, holding "a plaintiff may generally conduct discovery relevant to the Rule 23 class certification requirements") and *Hicks v. Alarm.com, Inc.*, No. 1:20cv532, 2020 U.S. Dist. LEXIS 157433, 2020 WL 9261758, at *3 (E.D. Va. Aug. 6, 2020) (the movant must show "that the matter is both 'prejudicial' and of the type 'envisioned' by Rule 12(f)." (quoting *Billips v. NC Benco Steel, Inc.*, No. 5:10cv95, 2011 U.S. Dist. LEXIS 118178, 2011 WL 4829401, at *1 (W.D.N.C. Oct. 12, 2011)).

- 14 -

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*

Here, rather than meeting this high bar, SunPower rests its request to strike Plaintiffs' class allegations on its faulty arguments for dismissal of Plaintiffs' individual claims as well as the throwaway assertion that Plaintiffs' class allegations are "superfluous." Given the high bar for for a motion to strike class allegations, SunPower's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint and/or to Strike the Class Allegations in its entirety.

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of its other signatories.

RESPECTFULLY SUBMITTED AND DATED this 4th day of October, 2022.

By: */s/ Edward A. Broderick*

Anthony I. Paronich, *Admitted Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

1
2
3
4
5
6
7
8

Andrew W. Heidarpour, *Admitted Pro Hac Vice*
aheidarpour@hlfirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Avenue NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

Adam J. Schwartz (SBN 251831)
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
adam@ajschwartzlaw.com
(323) 455-4016

*Attorneys for Plaintiffs and the Proposed Classes*

- 16 -
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF\S COMPLAINT AND/OR
TO STRIKE THE CLASS ALLEGATIONS
*Barnes and Brown v. SunPower Corporation, No. 3:22-cv-4299-TLT*