1

**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (Bar No. 226388)

2
E-mail: CReilly@manatt.com
ALEXANDRA N. KRASOVEC (Bar No. 279578)

3
E-Mail: AKrasovec@manatt.com

4
ERIN M. GILMORE (Bar No. 324319)
E-mail: EGilmore@manatt.com

5
2049 Century Park East, Suite 1700
Los Angeles, California  90067

6
Telephone:     310.312.4000

7
Facsimile:     310.312.4224

8
*Attorneys for Defendant*
*SUNPOWER CORPORATION*

9

10
UNITED STATES DISTRICT COURT

11
NORTHERN DISTRICT OF CALIFORNIA

12

13
TREVOR BARNES and STEPHANIE
BROWN, individually and on behalf of all

14
others similarly situated,

15
                    Plaintiff,

16
          v.

17
SUNPOWER CORPORATION,

18
                    Defendant.

19

20

21

| | |
|---|---|
| No. 3:22-cv-04299-TLT | |

**DEFENDANT SUNPOWER CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR TO STRIKE THE CLASS ALLEGATIONS**

DATE:     DECEMBER 6, 2022
TIME:     2:00 P.M.
CTRM:     9
JUDGE:  HON. TRINA L. THOMPSON

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................... 1

II.    PLAINTIFFS FAIL TO ALLEGE DIRECT OR VICARIOUS TCPA LIABILITY. ......... 1

    A.     Plaintiffs Cannot Establish Direct Liability. ................................................ 2

    B.     Plaintiffs Fail to Allege Vicarious Liability. ................................................ 5

III.   PLAINTIFF BARNES FAILS TO PLEAD A DO-NOT-CALL CLAIM. ..................... 6

    A.     Plaintiff Barnes Did Not Receive More Than One Call in a 12-Month
        Period From or on Behalf of SunPower. ...................................................... 7

    B.     Plaintiff Barnes Fails to Allege That He Is the "Subscriber" or DNC
        Registrant of His Telephone Number. .......................................................... 7

    C.     Plaintiff Barnes Does Not Allege Receipt of a Telephone Solicitation. ....... 8

IV.    PLAINTIFFS DO NOT SATISFY THE REQUIREMENTS OF ARTICLE III
    STANDING. ........................................................................................................... 9

V.     PLAINTIFFS' FACIALLY UNCERTIFIABLE CLASS ALLEGATIONS
    SHOULD BE STRICKEN UNDER RULES 12(F) AND 23. ................................... 11

    A.     Plaintiffs' Class Definitions Are Overbroad. ............................................. 11

    B.     Plaintiffs Are Not Members of Their Respective Putative Classes. ............ 15

VI.    CONCLUSION ..................................................................................................... 15

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

DEFENDANT'S MOTION TO DISMISS
AND/OR STRIKE THE COMPLAINT CASE
NO. 4:22-CV-4299

# TABLE OF AUTHORITIES

**Page**

## CASES

*A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*,
2018 WL 488257 (N.D. Ill. Jan. 18, 2018) (N.D. Ill. Jan 18, 2018) ...................................... 12

*Am. W. Door & Trim v. Arch Specialty Ins. Co.*,
2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ........................................................................ 11

*Bank v. Philips Elecs. N. Am. Corp.*,
2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) .......................................................................... 3

*Bautista v. Valero Mktg. & Supply Co.*,
2018 WL 11356583 (N.D. Cal. Dec. 4, 2018) ....................................................................... 14

*Boyer v. Diversified Consultants, Inc.*,
306 F.R.D. 536 (E.D. Mich. 2015) ......................................................................................... 13

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) ...................................................................................................... 4

*Canary v. Youngevity Int'l, Inc.*,
2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ..................................................................... 4, 5

*Chesbro v. Best Buy Stores, L.P.*,
705 F.3d 913 (9th Cir. 2012) .................................................................................................... 9

*Conservation Force v. Salazar*,
677 F.Supp.2d 1203 (N.D. Cal. 2009) ..................................................................................... 8

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) .......................................................................................... 4, 12

*Dixon v. Monterey Fin. Servs., Inc.*,
2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) ....................................................................... 11

*Elend v. Basham*,
471 F.3d 1199 (11th Cir. 2006) .............................................................................................. 10

*Fabricant v. SunPower Corporation*,
Case No. 4:20-cv-00114-PJH (N.D. Cal. 2020) .................................................................... 10

*Gen. Tel. Co. of the Sw. v. Falcon*,
457 U.S. 147 (1982) ........................................................................................................... 11, 15

*Gulden v. Consol. World Travel Inc.*,
2017 WL 3841491 (D. Ariz. Feb. 15, 2017) ........................................................................ 3, 9

*Gutierrez v. Fla. Advert. & Mktg. Corp.*,
387 F. Supp. 3d 1410 (S.D. Fla. 2019) .................................................................................. 10

*In re Dish Network, LLC*,
2013 WL 1934349, 28 FCC Rcd. 6574 (2013) ........................................................................ 4

*In re Schwartz*,
2012 WL 4344544 (N.D. Cal. Sept. 20, 2012), aff'd, 592 F. App'x 605 (9th Cir. 2015) ........ 15

*Jamison v. First Credit Servs., Inc.*,
   290 F.R.D. 92 (N.D. Ill. 2013) ............................................................................... 12

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ................................................................................... 3

*Licari Family Chiropractic v. eClinical Works, LLC*,
   2019 WL 7423551 (M.D. Fla. Feb. 16, 2018) ....................................................... 12

*Messner v. Northshore Univ. HealthSystem*,
   669 F.3d 802 (7th Cir. 2012) .................................................................................. 14

*Naiman v. Freedom Forever, LLC*,
   2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) .......................................................... 2

*Naiman v. TranzVia LLC*,
   2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) ............................................................ 6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022) ............................................................................. 13, 14

*Panacci v. A1 Solar Power, Inc.*,
   2015 WL 3750112 (N.D. Cal. June 15, 2015) ...................................................... 5, 6

*Pepka v. Kohl's Dept. Stores, Inc.*,
   2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ....................................................... 11

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
   2022 WL 2713278 (N.D. Iowa June 9, 2022) .......................................................... 8

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................... 11

*Sauter v. CVS Pharmacy, Inc.*,
   2014 WL 1814076 (S.D. Ohio May 7, 2014) ......................................................... 13

*Schaevitz v. Braman Hyundai, Inc*,
   437 F. Supp. 3d 1237 (S.D. Fla. 2019) .................................................................. 10

*Scott v. Kuhlmann*,
   746 F.2d 1377 (9th Cir. 1984) ................................................................................ 13

*Scruggs v. CHW Grp., Inc.*,
   2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ........................................................... 4

*Sepehry-Fard v. Dep't Stores Nat'l Bank*,
   15 F. Supp. 3d 984 (N.D. Cal. 2014), *aff'd in part,* 670 F.App'x 573 (9th Cir. 2016) ............. 3

*Sepehry-Fard v. MB Fin. Servs.*,
   2014 WL 2191994 (N.D. Cal. May 23, 2014) .......................................................... 3

*Stemke v. Marc Jones Constr., LLC*
   2021 WL 4340424 (M.D. Fla. Sept. 23, 2021)  ........................................................ 6

*Stokes v. CitiMortgage, Inc.*,
   2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ........................................................... 11

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D Cal. 2010) .................................................................. 11

*Warnick v. DISH Network LLC*,
   304 F.R.D. 303 (D. Colo. 2014) .......................................................................... 12

*Washington Env't Council v. Bellon*,
   732 F.3d 1131 (9th Cir. 2013) ............................................................................. 10

*Werwinski v. Ford Motor Co.*,
   2000 WL 1201576 (E.D. Pa. Aug. 15, 2000) ......................................................... 4

*Wick v. Twilio Inc.*,
   2017 WL 2964855 (W.D. Wash. July 12, 2017) .................................................... 3

**STATUTES**

47 U.S.C. § 227 *et seq.* ........................................................................................ 3, 7, 14

**RULES**

47 C.F.R. 64.1200 *et seq.* ...................................................................................... passim

Fed. R. Civ. P. 12 ............................................................................... 2, 11, 13, 15

Fed. R. Civ. P. 23 ......................................................................................... 1, 15

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1    I.      **INTRODUCTION**

2         In Opposition (Dkt. 25, Opp.) to SunPower's Motion to Dismiss and/or Strike (Dkt. 24,

3    "Motion"), Plaintiffs argue that they have sufficiently alleged SunPower's direct liability, and

4    (without much legal and factual support) summarily claim that the remainder of SunPower's Motion

5    lacks merit.  Opp., p. 1.  Not so.  As addressed in the Motion and below, Plaintiffs' Complaint suffers

6    from numerous shortcomings, and Plaintiffs' Opposition does not rehabilitate their pleading. Instead,

7    tacitly recognizing the Complaint's many fatal defects, Plaintiffs attempt to recast or replead their

8    defective allegations through argument and repeatedly rely upon the Complaint's conclusory

9    allegations as if they were fact.  As the pleadings are facially inadequate to establish SunPower's

10   involvement, Plaintiffs further fail to allege Article III standing, and none of Plaintiffs' cited "facts"

11   or authority support a contrary conclusion.  Further, contrary to Plaintiff Barnes' contentions, he

12   fails to allege any ***facts*** from which it can be inferred that he received a "telephone solicitation" or

13   that he received more than one such call from or on behalf of SunPower; and he appears to concede

14   that he is neither the subscriber nor the national DNC registrant for his number, instead merely

15   contending (incorrectly) that such allegations are not necessary to assert a DNC claim.  Lastly,

16   despite Plaintiffs' arguments, their class allegations are facially uncertifiable and appropriately

17   stricken at the pleadings stage.  While Plaintiffs attempt to shift responsibility to SunPower and this

18   Court to craft a certifiable class definition, it is ***Plaintiffs'*** responsibility to allege a class definition

19   that does not run afoul of Fed. R. Civ. P. 23.  Plaintiffs' claims should therefore be dismissed and/or

20   the problematic class definitions stricken.

21   II.     **PLAINTIFFS FAIL TO ALLEGE DIRECT OR VICARIOUS TCPA LIABILITY.**

22         Plaintiffs summarily conclude in their Opposition that "both plaintiffs allege that SunPower

23   itself placed the call related to their attempted [sic] to complete a sale to Plaintiffs."  Opp., p. 5.

24   Plaintiffs' statement could not be further from the truth—in actuality, Plaintiffs' Complaint does

25   not set forth ***any*** plausible allegations which would suggest that SunPower directly placed the calls

26   at issue, or exhibited control over the third-party that did.  Plaintiffs' Opposition, which relies

27   entirely on irrelevant case law and attempts to recast Plaintiffs' deficient allegations as adequate,

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1   does nothing to refute this. Thus, the Complaint should be dismissed on these grounds alone, and

2   nothing in Plaintiffs' Opposition supports a contrary conclusion.

3       A.      **Plaintiffs Cannot Establish Direct Liability.**

4           As set forth in the Motion, direct TCPA liability applies only to a party who "makes" or

5   "initiates" a call (or text) in the sense of "tak[ing] the steps necessary to physically place" a call.

6   Motion, p. 7 (citing *Naiman* and *Sheski*).  Rather than point to any allegations which would suggest

7   that SunPower ***physically*** placed a call to either Plaintiff, the Opposition engages in a series of

8   inferential gymnastics intended to bolster Plaintiffs' plainly deficient allegations.[1]

9           Plaintiff Barnes ***claims*** that he "directly alleges that SunPower called him twice on June 2,

10  2022 offering its goods or services," and that "during one such call, Mr. Barnes spoke with a woman

11  named Lia Smith who identified herself as working for SunPower."  Opp., p. 4.  Plaintiff Barnes

12  misstates his own factual allegations. While the Complaint reflects that "SunPower called the [sic]

13  Mr. Barnes phone number twice on June 2, 2022 offering its good or services" (Compl. ¶ 27)—a

14  conclusory allegation in and of itself—Barnes also alleges that a "later return call to that number"

15  revealed that it came from "an entity that identified itself as ***Green Energy Solutions***." (*Id.* ¶ 30)

16  (emphasis added).  Similarly, Plaintiff Brown now argues that direct liability is sufficiently

17  established because she "received an illegal prerecorded call promoting solar panels, pressed the

18  prompt and was connected with a SunPower employee who promoted their services."  *Id.*, p. 5.

19  When, in fact, the Complaint states that the "prerecorded message stated it was Brian Lee from '***solar***

20  ***project.***'"  Compl. ¶ 39 (emphasis added).  That "Plaintiff's opposition includes factual allegations

21  on this issue that are not present in the complaint" is impermissible. *Naiman v. Freedom Forever,*

22  *LLC*, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019). For purposes of review under Rule

23  12(b)(6), "the Court is generally limited to the contents of the complaint, matters subject to judicial

24  notice under Federal Rule of Evidence 201, or documents incorporated by reference in the

---

[1] Confusingly, Plaintiffs conflate the argument that Plaintiff Barnes received a "telephone solicitation" with a discussion that such call was directly placed by SunPower—citing a mixture of legal authorities and fact on these two distinct issues. *See* Opp., p. 4.  Moreover, Plaintiffs confuse the discussion of Article III standing with their discussion of direct and vicarious liability— rendering their analysis not only flawed but also convoluted and unintelligible. *See Id.*, pp. 6-8.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1  complaint." *Id.* (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)).

2  Thus, the additional factual allegations in Plaintiffs' Opposition should be afforded no weight and

3  "do not cure the deficiencies in the complaint." *Id.*

4  Moreover, Plaintiffs woefully miss the mark in establishing SunPower's direct liability.

5  Plaintiffs' statements underscore SunPower's entire argument—nowhere in the Complaint do

6  Plaintiffs allege that SunPower ***physically*** placed a call to them, as required to state a TCPA claim.

7  Instead, Plaintiffs rely on inferential leaps to conclude that because Plaintiff Barnes spoke to a

8  SunPower employee on one occasion, or because Plaintiff Brown pressed a button and was ultimately

9  connected to a SunPower employee, SunPower must have physically placed the calls at issue in the

10  first instance.  *See* Opp., p. 4.  This is simply not the case.

11  Indeed, a large body of case law both in this District and elsewhere establishes that the

12  Complaint ***must*** include allegations that the Defendant ***physically*** placed the calls at issue.  *Sepehry-*

13  *Fard v. MB Fin. Servs.,* 2014 WL 2191994, at *2 (N.D. Cal. May 23, 2014) (dismissing complaint

14  where "Plaintiff does not plead facts . . . explaining why he believes that Defendant made the

15  offending calls"); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 987-88 (N.D. Cal.

16  2014), *aff'd in part,* 670 F.App'x 573 (9th Cir. 2016) (dismissing where "no facts alleged showing

17  ***why*** plaintiff believe[d] [defendants] were responsible for specifically identified calls") (emphasis

18  original); *Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015)

19  (allegation that the calls were "made by, or on behalf of, or with the authorization of, an authorized

20  dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability);

21  *see also Gulden v. Consol. World Travel Inc*., 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017)

22  ("Plaintiff has alleged that 'Defendant, Defendant's agents or parties acting on behalf of the

23  Defendant" initiated the alleged calls [. . .] Plaintiff offers no factual support for this statement, which

24  leaves the Court wondering how Plaintiff concluded that Defendant was the source of the alleged

25  calls.").  Further, merely alleging an association with the defendant whether through offering a

26  product or through a caller's statement is not enough—and in this respect Plaintiffs' allegations are

27  similarly deficient. *See Wick v. Twilio Inc*., 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017), at

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

*3 ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product" for direct liability) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 (2013)); *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *7-10 (E.D. Va. Nov. 12, 2020) (conclusory allegations the caller stated he/she was "associated with" defendant and identified defendant by name insufficient for direct liability). Similarly, simply alleging that they spoke to a SunPower employee is not adequate to establish direct liability. *See Canary v. Youngevity Int'l, Inc.,* 2019 WL 1275343, at *3 (N.D. Cal. Mar. 20, 2019) (allegations that the plaintiff believed he spoke to an individual who was "either an employee of [Defendant] or served as a high-level sales agent for [Defendant]" were insufficient to establish direct liability.). Plaintiffs' Opposition offers no basis for this Court to rule differently here.

Moreover, Plaintiffs ignore many of SunPower's cited authorities on direct TCPA liability, and their scant cited authorities in this regard are inapposite. For example, Plaintiffs cite *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019) for the proposition that "showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement." Opp., p. 5. Yet, *Cordoba* did not concern direct (or vicarious) liability under the TCPA. Instead, *Cordoba* vacated a previous class certification under 47 C.F.R. § 64.1200(d), finding that the district court did not adequately address the Article III standing requirement as to *all* class members, and stating that Article III requires a showing that the injury is "fairly traceable to the actions of a defendant if caused by the independent action of some third party not before the court." *Id.* Moreover, Plaintiffs here do not even include such allegations in their Complaint. *See* Motion, pp. 10-13, 15-16. Accordingly, Plaintiff's reliance upon *Cordoba* is misplaced.[2]

Therefore, as established by the numerous authorities cited by SunPower, Plaintiffs' Complaint fails to sufficiently allege that SunPower is directly liable for the alleged calls.

---

[2] Plaintiffs also cite *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) and *Werwinski v. Ford Motor Co.*, 2000 WL 1201576, at *1 (E.D. Pa. Aug. 15, 2000), for the proposition that at the Motion to Dismiss stage, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See* Opp., p. 5. Yet, even accepting all of Plaintiffs' allegations as true, they are insufficient to establish that SunPower physically placed the calls at issue, as is required to establish direct liability. *See* Section II.A., *supra*.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

**B.**     **Plaintiffs Fail to Allege Vicarious Liability.**

Additionally, Plaintiffs appear to concede that vicarious liability has not been adequately pled on the face of the Complaint, arguing instead that SunPower's cited cases discussing vicarious liability are inapplicable to a direct liability analysis. *See* Opp., p. 6. As set forth in the Motion (pp. 7-10) and above (*see* Section II.A.), Plaintiffs do not allege that SunPower directly and physically placed any calls to them. Therefore, in the absence of any direct liability allegations, Plaintiffs must allege facts sufficient to show SunPower's vicarious liability for the calls at issue. *See Canary,* 2019 WL 1275343, at *5. They do not.

Indeed, Plaintiffs do not challenge SunPower's vicarious liability argument *at all* except to say that SunPower is attempting to "transform" Plaintiffs' allegations into a "case for vicarious liability." *See* Opp., p. 4. However, Plaintiffs' conclusion misreads the allegations of their own Complaint. In fact, Plaintiff Barnes alleges that "SunPower called the [sic] Mr. Barnes phone number twice on June 2, 2022 offering its good or services" (Compl. ¶ 27), and that a "later return call *to that number*" revealed that it came from "an entity that identified itself as ***Green Energy Solutions***." (*Id.* ¶ 30) (emphasis added)[3]. Yet Plaintiff Barnes entirely sidesteps his ***own*** allegations regarding Green Energy Solutions, fails to even mention the company in the Opposition, and summarily concludes that SunPower directly placed the calls at issue. *See* Opp., p. 4. As Plaintiff Barnes alleges receipt of a call from Green Energy Solutions, he is required to allege facts showing how SunPower "controlled, authorized, or even knew about [Green Energy Solutions'] phone call[] or that [SunPower] had any control over" them. *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff pleaded "virtually no [factual] allegations regarding the relationship" between defendant and the caller). As Plaintiff Barnes has not alleged any facts showing an agency relationship between SunPower and Green Energy Solutions, he cannot claim that SunPower is responsible for the call(s) allegedly placed to him.

Moreover, Plaintiff Brown similarly mischaracterizes her own allegations and now claims that she "received an illegal prerecorded call promoting solar panels, pressed the prompt and was

---

[3] Moreover, this is a conclusory allegation that is inadequate on its own, and is belied by the remaining allegations in the Complaint. *See e.g.* Compl. ¶ 30.

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

- 5 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

connected with a SunPower employee who promoted their services."  Opp., p. 4.  Yet, Brown conveniently ignores the remainder of the allegations in her Complaint, in which she claims that the "prerecorded message stated it was Brian Lee from '*solar project.*'"  Compl. ¶ 39 (emphasis added). Just as with Plaintiff Barnes, should Plaintiff Brown claim to have received a call from an entity distinct from SunPower (i.e. "solar project") she is required to allege facts showing that SunPower "had the right to control [solar project] and the manner and means of the calls."  *Naiman v. TranzVia LLC,* 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017).  Absent any allegations showing how SunPower exhibited control over the call placed by an unrelated third-party, Plaintiff Brown's claim similarly fails on vicarious liability grounds.

Lastly, Plaintiffs cite minimal authority in support of their vicarious liability argument, and their reliance on *Stemke v. Marc Jones Constr., LLC*[4], from the Middle District of Florida, is misplaced.  Not only is *Stemke* non-binding on this Court, but in *Stemke*, the court found vicarious liability to be present only because the plaintiff alleged receipt of calls from three separate phone numbers, and further alleged that when calling back the numbers, they were ***confirmed*** to belong to SunPro—noticeably more than what is alleged here.  *See id.* at *1.  In this instance, Plaintiffs include no similar allegations[5], and *Stemke* does not bolster their position.

In sum, because Plaintiffs fail to plausibly allege a viable theory of liability (direct or vicarious) under the TCPA, in accordance with applicable pleading standards, the Complaint should be dismissed in its entirety on these additional bases.  *See TranzVia LLC*, 2017 WL 5992123, at *13 (N.D. Cal. Dec. 4, 2017) (dismissing TCPA complaint where direct and vicarious liability had not been plausibly alleged).

## III.   PLAINTIFF BARNES FAILS TO PLEAD A DO-NOT-CALL CLAIM.

As set forth in the Motion (*see* pp. 13-15), Plaintiff Barnes fails to plead facts supporting the essential elements of his Do-Not-Call ("DNC") claim under Section 227(c) of the TCPA for multiple critical reasons, including *inter alia* for failing to allege that: he received a "telephone solicitation,"

---

[4] *Stemke v. Marc Jones Constr*., 2021 WL 4340424 (M.D. Fla. Sept. 23, 2021).
[5] Indeed, Plaintiff Barnes alleges that a "later return call" to the number that called him, suggested it was from "Green Energy Solutions" and ***not*** SunPower. *See* Compl. ¶ 30.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

as that term is defined under the TCPA, that he received *more than one call* made by or on behalf of SunPower, or that **he** was the subscriber who registered his phone number to the National DNC Registry. Nothing in Plaintiffs' Opposition refutes the arguments in SunPower's Motion or suggests that Barnes has a plausible DNC claim.  Plaintiff Barnes's claim is therefore subject to dismissal for these additional reasons.

### A.       Plaintiff Barnes Did Not Receive More Than One Call in a 12-Month Period From or on Behalf of SunPower.

While Plaintiff Barnes seeks to assert a claim under Section 227(c) of the TCPA, that provision requires that a person who has registered their phone number on the National DNC receive "***more than one*** telephone call within any 12-month period ***by or on behalf of the same entity***."  *See* 47 U.S.C. 227(c)(5); 47 C.F.R. 64.1200(c) (emphasis added).  While Plaintiff Barnes purports to allege receipt of two calls, only **one** of these calls is even arguably made by or on behalf of SunPower; the other is attributable to Green Energy Solutions by express allegations in the Complaint.  (Compl. ¶ 30) (alleging that a "later return call to that number" revealed that it came from "an entity that identified itself as ***Green Energy Solutions***.") (emphasis added).  Plaintiff's statements in the Opposition only further support this point.  Indeed, Plaintiff Barnes states in his Opposition that "SunPower called him twice on June 2, 2022 offering its goods or services" and that "during **one such call**, Mr. Barnes spoke with a woman named Lia Smith who identified herself as working for SunPower."  Opp., p. 4 (emphasis added).  Plaintiff Barnes does not describe the remaining call that allegedly is attributable to SunPower, and conveniently ignores the allegations in the Complaint regarding Green Energy Solutions' connection to that call.  *See Id.*  Thus, as Plaintiff Barnes only alleges one call that is even theoretically attributable directly to SunPower (and indeed, does not even sufficiently describe this call), he cannot advance a claim under Section 227(c) of the TCPA.

### B.       Plaintiff Barnes Fails to Allege That He Is the "Subscriber" or DNC Registrant of His Telephone Number.

Moreover, as set forth in the Motion, Plaintiff Barnes does not allege that **he himself** registered his number on the National DNC.  *See* Motion, pp. 13-15.  Rather than dispute the absent

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

allegations, Plaintiff Barnes argues that there is no decision holding that such a requirement exists, and asserts that "[i]f any decision has ever so held, SunPower doesn't cite it." Opp., p. 12. Plaintiff is wrong. A case *has* held that "[t]he plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber *who has registered his or her telephone number* on the national do-not-call registry." *Rombough v. Robert D. Smith Ins. Agency, Inc*., 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022) (emphasis in original) (dismissing complaint with prejudice where "Plaintiff [did] not allege, either directly or indirectly, that she registered her telephone on the do-not-call registry"). And SunPower *did* cite this case. *See* Motion, pp. 13, 15. As in *Rombough*, Plaintiff Barnes does not allege that *he* registered his number on the National DNC, nor that he is the subscriber of the subject number; thus, his complaint is similarly subject to dismissal. *Rombough*, 2022 WL 2713278, at *2.

Further, Plaintiff Barnes' heavy reliance on *Krakauer*—a non-binding 4th Circuit decision—is irrelevant and ignores the plain text of the TCPA. Plaintiff Barnes argues that "it does not matter who lists the number on the registry." Opp., p. 13 (citing *Krakauer*). But Plaintiff Barnes thereby asks the Court to ignore the plain language of the TCPA's DNC provisions, which expressly require a "residential telephone subscriber *who has registered his or her telephone number*" on the National DNC Registry. 47 C.F.R. § 64.1200(c)(2) (emphasis added). The Court should decline to do so.

At bottom, Plaintiff Barnes does not allege his connection to the phone number or its registration on the National DNC Registry, and thus cannot proceed with his claim based thereon.

### C.   Plaintiff Barnes Does Not Allege Receipt of a Telephone Solicitation.

Section 227(c) only applies to "telephone solicitations," but as discussed in SunPower's Motion, Plaintiff Barnes does not allege sufficient facts to show that he received any "telephone solicitation" here. *See* Motion, pp. 13-14. Plaintiffs' Opposition wholly fails to refute this argument, and thereby concedes this point.[6]

---

[6] By failing to address the argument, Plaintiff Barnes has effectively conceded its merit. *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

The TCPA regulations define "telephone solicitations" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" absent an applicable exception. 47 C.F.R. §§ 64.1200(c)(2), (f)(15).  In the Complaint, Plaintiff Barnes includes no *facts*—beyond a bare recitation of the statutory text—from which it can be inferred that either call he received constituted a "telephone solicitation." *See* Complaint ¶¶ 19-37.  And Plaintiffs' Opposition does nothing to bolster Barnes's deficient allegations in this regard.  Indeed, Plaintiffs' Opposition summarily concludes—again, without any factually-supportive citations—that he has alleged receipt of a telephone solicitation, and advises the Court to "evaluate[] the question of whether a message or phone call constitutes a telephone solicitation by looking at the context of the message and by using 'a measure of common sense.'" *See* Opp., p. 4 (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).  But here, Plaintiff Barnes does not provide *any* factual allegations from which the Court could even evaluate whether the calls were telephone solicitations beyond that the bare conclusion that they offered "goods and services."  Compl. ¶ 27.  But bare conclusions, unsupported by facts, are inadequate to support such an assertion; Plaintiff must do more.  *See Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) ("Plaintiff does not describe the calls, but simply avers that the calls were made 'for the purpose of soliciting for [Defendant's] products or services.' This is nothing more than a conclusion, which *Twombly* specifically prohibits"). Therefore, Plaintiff Barnes's DNC claim is subject to dismissal on these grounds.

## IV. PLAINTIFFS DO NOT SATISFY THE REQUIREMENTS OF ARTICLE III STANDING.

Plaintiffs are each required to allege facts to show all necessary elements of Article III standing,  including causation and redressability, but both fail to do so.  Plaintiffs' only argument in this respect is that they have sufficiently alleged that SunPower is directly liable for the calls at issue, and therefore have alleged Article III standing.  *See* Opp., p. 6 ( "Defendant's challenge to Plaintiffs' standing under Article III rests entirely on Defendant's misreading of Plaintiffs'

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1    Complaint as not stating a case of direct liability.").  However, as set forth in the Motion (*see* pp.

2    7-11) and above (*see* Section II, *supra*), Plaintiffs have not adequately alleged SunPower's direct

3    or vicarious liability.  As Plaintiffs have pled no facts showing any wrongful conduct attributable *to*

4    SunPower, their injuries are incapable of being traced *to* or redressed *by* SunPower.  *See* Motion, pp.

5    15-16 (citing *Wash. Envtl. Council*, *Hicks*, *Friedman*).

6            Further, as SunPower has demonstrated, Plaintiffs do not allege any facts suggesting a threat

7    of future injury in their Complaint and thus lack Article III standing to seek injunctive relief.  *See*

8    Motion, p. 16 (citing *Jones, Miller* and *Schaevitz*).  In their Opposition, Plaintiffs suggest that they

9    need only allege a statutory violation, which is all that is required for injunctive relief under the

10   TCPA.  *See* Opp., p. 7 (citing *Guiterrez*).  They are wrong and their cited authorities are inapposite.

11   Indeed, in *Gutierrez*, the defendant apparently did not challenge whether there were sufficient facts

12   alleged to suggest a possible future injury, as SunPower's Motion argues here.  *See Gutierrez v. Fla.*

13   *Advert. & Mktg. Corp.*, 387 F. Supp. 3d 1410, 1411 (S.D. Fla. 2019).[7][8]  *See* Motion, p. 16.  Moreover,

14   Plaintiffs now argue that they have established a risk of future injury because SunPower has been

15   involved in a prior litigation involving TCPA claims.  *See* Opp., p. 7 ("SunPower ignores the fact that

16   Plaintiffs received telemarketing calls from SunPower after SunPower had previously been sued for

17   telemarketing.").  As an initial matter, that SunPower has been previously sued for **alleged** TCPA

18   violations does not establish that they did in fact make such calls, nor does it create a threat of future

19   injury for Plaintiffs.  Further, the two-year-old case to which Plaintiffs refer is *Fabricant v. SunPower*

20   *Corporation*, Case No. 4:20-cv-00114-PJH (N.D. Cal. 2020), which was voluntarily dismissed by the

---

[7] Plaintiffs and the court in *Guiterrez* both ignore the *Schaevitz v. Braman Hyundai, Inc.* case, where a different court in the Southern District of Florida held that "[t]he binding precedent in th[e] [Eleventh] [C]ircuit is clear that for an injury to suffice for prospective relief, it must be imminent" and dismissed a TCPA plaintiff's request for injunctive relief where there was no alleged threat of future injury, without making any arbitrary distinction between "statutory" and "non-statutory" violations, like Plaintiffs try to draw here. 437 F. Supp. 3d 1237, 1251 (S.D. Fla. 2019) (quoting *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006)). Thus, *Guiterrez* is not representative of settled Eleventh Circuit law in any event.

[8] Plaintiff Barnes's claim that he received a call after he requested that calls cease (*See* Opp., p. 7) does nothing to establish threat of future injury as required by Article III. To reiterate, Plaintiff alleges *only one call* by or on behalf of SunPower, (*see* Section III.A., *supra*), so he similarly fails to allege future injury as required for injunctive relief.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1   Plaintiff two months after filing, and before SunPower was even given the opportunity to defend the

2   claims.  Plaintiffs cannot justifiably allege here that a two-year-old case, which was dismissed without

3   any litigation, could provide the basis for their threatened future harm.  Thus, Plaintiffs' request for

4   injunctive relief should be dismissed under Rule 12(b)(1).

5   **V.    PLAINTIFFS' FACIALLY UNCERTIFIABLE CLASS ALLEGATIONS SHOULD**

6        **BE STRICKEN UNDER RULES 12(F) AND 23.**

7         Finally, relying mostly on out-of-circuit authority, Plaintiffs argue that dismissal of their

8   facially uncertifiable class definitions is "premature".  *See* Opp., p. 1.  This is incorrect.  While it is

9   true that discovery may ***sometimes*** be needed to determine whether a class should be certified,

10   "[s]ometimes the issues are plain enough from the pleadings" to determine that a case should not

11   proceed as a class action. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Such is true

12   here.  Also, contrary to Plaintiffs' argument, SunPower's alternative motion to strike the class

13   allegations is not premature.  Courts in the Ninth Circuit routinely grant such motions on the pleadings

14   where, as here, the class allegations in the complaint are facially uncertifiable as pled.  *Dixon v.*

15   *Monterey Fin. Servs., Inc.,* 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016); *Tietsworth v. Sears*,

16   720 F. Supp. 2d 1123, 1146 (N.D Cal. 2010); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D.

17   Cal. 2009); *Pepka v. Kohl's Dept. Stores, Inc.*, 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016);

18   *see also Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) (noting it

19   is "appropriate to strike class allegations prior to discovery where the allegations make it obvious

20   that classwide relief is not available"); *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL

21   1266787, at *8 (C.D. Cal. Mar. 18, 2015) ("It is thus appropriate to strike class allegations prior to

22   discovery where the allegations make it obvious that classwide relief is not available.").

23        As discussed in the Motion and further below, Plaintiffs' putative class definitions are

24   overbroad on their face, and neither Plaintiff is a member of their proposed classes. Thus, in the

25   alternative, it is entirely proper to strike Plaintiffs' facially-deficient class allegations.

26       **A.    Plaintiffs' Class Definitions Are Overbroad.**

27   Plaintiffs do not distinguish (much less mention) any of the authority cited in SunPower's

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

Motion supporting its contention that Plaintiff's class is overbroad.  Opp., pp. 8-9.  Nor can they.  Plaintiffs *are* required to exclude individuals who provided consent from the proposed class definition—failure to do so results in an impermissibly overbroad class that includes many (and perhaps overwhelmingly) individuals who suffered no injury (i.e., individuals who gave consent) and for whom there could be no claim against SunPower as a matter of law.  Courts have denied class certification in TCPA cases where, as here, the class does not exclude those who provided consent and therefore for whom there could be no viable claim against the defendant.  *See, e.g., A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, 2018 WL 488257, at *4 (N.D. Ill. Jan. 18, 2018) (N.D. Ill. Jan 18, 2018) (on a motion to strike, finding class definition was overbroad where it did not exclude those who solicited the fax at issue and therefore "ha[d] no TCPA claim against Defendants"); *see also Warnick v. DISH Network LLC*, 304 F.R.D. 303, 306 (D. Colo. 2014) (finding class was overbroad because those who consented could not be class members); *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 108 (N.D. Ill. 2013) (finding proposed class definition overbroad where it would "include thousands of individuals who consented to receiving calls on their cellphones and thus have no grievance under the TCPA"); *Licari Family Chiropractic v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Feb. 16, 2018) (denying certification in TCPA action where proposed class did not exclude individuals who solicited the fax and thus had no claim).  This Court should rule similarly here.  Indeed, permitting a facially overbroad class definition to proceed would be inherently prejudicial to SunPower, as "[g]iven the 'in terrorem character of a class action,' [ ] a class defined so as to improperly include uninjured class members increases the potential liability for the defendant and induces more pressure to settle the case, regardless of the merits."  *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019).

Further, focusing solely on the "Cellular Telephone Class," which is defined to include individuals who provided prior express written consent, Plaintiffs claim that the inclusion of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1   "consent" in the class definition will create a fail-safe class. *See* Opp., p. 8.[9][10]  Plaintiffs' argument

2   misses the mark, as it improperly presupposes that curing the class's overbreadth will create a fail-

3   safe problem.  *Id.*  However, it is Plaintiffs' responsibility to put forth certifiable class definitions,

4   and they have not done so here.

5          Plaintiffs cite two district court cases from other circuits—*Sauter* and *Boyer*—for the

6   proposition that including consent language in a TCPA class definition will inevitably result in a

7   fail-safe class.  *See Id.*  However, Plaintiffs misread these cases.  Neither case holds that consent

8   can simply be ***ignored*** in a TCPA class definition.  Instead, each case stuck putative TCPA class

9   definitions when each class "consist[ed] solely of persons who can establish that defendant violated

10  the TCPA."  *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *9 (S.D. Ohio May 7, 2014)

11  (dismissing fail-safe class and stating that "[d]efining a class so as to avoid, on one hand, being

12  overinclusive and, on the other hand, the fail-safe problem is more of an art than a science"); *Boyer*

13  *v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 539 (E.D. Mich. 2015) (striking class definition

14  not defined based upon "objective criteria").  Plaintiffs summarily conclude that consent is ***never***

15  to be included in a TCPA class definition so as to avoid a fail-safe problem, but no case provided

16  by Plaintiffs so holds.

17          In fact, "a court must consider whether the possible presence of uninjured class members

18  means that the class definition is fatally overbroad." *Olean Wholesale Grocery Coop., Inc. v.*

---

[9] Plaintiffs do not address the issues raised by SunPower in regard to the "DNC Class" definition—namely, that it includes individuals who provided prior express invitation or permission to be contacted by SunPower, and individuals who have an existing business relationship with SunPower. *See* Motion, pp. 18-19.  In either case, such individuals lack an actionable claim, rendering the class overbroad.  Moreover, Plaintiffs' failure to refute SunPower's argument, in this regard, acts as a concession.

[10] Confoundingly, the remaining arguments raised by Plaintiffs in this regard all seek to avoid dismissal under Fed. R. Civ. P. 12(b)(6) claiming that a motion to dismiss "cannot be granted based upon an affirmative defense unless that 'defense raises no disputed issues of fact.'" *See* Opp., p. 10 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). However, this mischaracterizes SunPower's argument. SunPower is not seeking dismissal of the Complaint on the grounds of an affirmative defense—i.e., that Plaintiffs provided consent to be contacted and therefore have no viable TCPA claim (though it reserves the right to do so at a later juncture). And Plaintiffs' counter that the class definitions need not mention consent because consent is an affirmative defense (*see* Opp., pp. 8-9).  However, whether "consent" is an affirmative defense is of no importance. Regardless of whether consent is a defense or an element of the claim, the fact remains that the vast majority of the class members included within the class definitions lack valid claims, and the class is overbroad.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

*Bumble Bee Foods LLC*, 31 F.4th 651, 669, n. 14 (9th Cir. 2022).  Said differently, if "a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct," the class is impermissible. *Id.* (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)).  And while drafting a class definition to avoid the overbreadth problem *can* result in a fail-safe class, a class that includes a large number of uninjured individuals works an incredible unfairness to a defendant faced with defending a class action, and should not be allowed to proceed.  *Messner*, 669 F.3d at 825 (noting that the "in terrorem" nature of a class action is "magnified unfairly if it results from a class defined so broadly as to include many members who could not bring a valid claim even under the best of circumstances.").

    In this instance, Plaintiffs' putative classes are hopelessly overbroad on their face, and include a great number of individuals who would have no viable claim against SunPower.  Indeed, the "Cellular Telephone Class" expressly ***includes*** any individual who received a lawful communication from SunPower—i.e., those individuals who provided their consent to be contacted. *See* Compl. ¶ 45; 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1) & (2).  Thus, Plaintiff Brown's class definition works an apparent unfairness to SunPower, as SunPower is essentially penalized—on a class-wide basis—for engaging in lawful and TCPA-compliant communications. The DNC Class suffers from the same problem—that class also includes individuals that SunPower may have contacted lawfully, either on the basis of having prior express invitation or permission *or* an existing business relationship. *See* Compl. ¶ 46; 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Proceeding with such overbroad class definitions further reinforces the "in terrorem" nature of class actions—as SunPower is forced to defend a costly putative class action against a great number of uninjured individuals. *See Bautista v. Valero Mktg. & Supply Co.*, 2018 WL 11356583, at *6 (N.D. Cal. Dec. 4, 2018) (explaining that class certification is inappropriate if the proposed class contains "a great many persons who have suffered no injury at the hands of the defendant" because of the "in terrorem character" of class actions).  Thus, Plaintiffs' contention that revising their class definition would produce a "fail-safe" class is unavailing.  It is ***Plaintiffs'*** responsibility to craft a class

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1    definition that is neither overbroad nor fail-safe and fulfills the requirements of Rule 23.  They have

2    not done so here; thus, the class definitions (*see* Compl. ¶¶ 45-46) should be stricken.

3                 **B.**       **Plaintiffs Are Not Members of Their Respective Putative Classes.**

4         Plaintiffs also side-step SunPower's argument that neither Plaintiff is a member of the

5    putative class that they seek to represent by summarily claiming that "SunPower rests its request to

6    strike Plaintiffs' class allegations on its faulty arguments for dismissal of Plaintiffs' individual

7    claims."  *See* Opp., p. 15.  Yet, again, Plaintiffs make this argument based on the incorrect

8    assumption that they have sufficiently alleged SunPower's direct liability for the calls at issue.

9    They have not.  *See* Motion, pp. 7-13; Section II, *supra*.  Moreover, Plaintiff Barnes' do-not-call

10    claim is not viable, as he fails to allege that he received ***more than one*** call by or on behalf of

11    SunPower, has not alleged receipt of a "telephone solicitation" from SunPower, and does not allege

12    that ***he*** was the subscriber to register his phone number to the National DNC Registry.  *See* Section

13    III., *supra*.  Because Plaintiff Barnes has not met the requirements to sustain an individual claim under

14    § 227(c), he cannot represent the DNC Class.

15         As neither Plaintiff has alleged an actionable violation that is attributable to SunPower (on

16    either a direct or vicarious basis), they are not members of the putative classes that they seek to

17    represent, and therefore they cannot act as representative plaintiffs for those classes.  *See* Motion,

18    p. 20 (citing *Falcon*).

19    **VI.**    **CONCLUSION**

20         For all the reasons above, and as stated in the Motion, SunPower respectfully requests that

21    the Court enter an order (i) dismissing the Complaint, in its entirety and with prejudice[11], for failure

22    to state a claim under Rule 12(b)(6) and/or for lack of Article III standing under Rule 12(b)(1);

23    and/or (ii) striking Plaintiffs' respective class allegations under Rules 12(f) and 23.

24

25

26

---

27    [11] *See In re Schwartz*, 2012 WL 4344544, at *2 (N.D. Cal. Sept. 20, 2012), aff'd, 592 F. App'x 605

28    (9th Cir. 2015) (Generally, "a dismissal for failure to state a claim under Rule 12(b)(6) is presumed ... to be rendered with prejudice.").

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1   Dated: October 11, 2022                    MANATT, PHELPS & PHILLIPS, LLP

2

3                                          By: /S/ *Alexandra N. Krasovec*
                                               Christine M. Reilly
4                                              Alexandra N. Krasovec
                                               Erin M. Gilmore
5
                                               *Attorneys for Defendant*
6                                              *SunPower Corporation*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

- 16 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT

1

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on October 11, 2022, which served same electronically upon all counsel of record.

*/S/ Alexandra N. Krasovec*
Alexandra N. Krasovec

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

DEFENDANT'S REPLY ISO
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 3:22-CV-04299-TLT