Adam J Schwartz (SBN 251831)
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
adam@ajschwartzlaw.com
(323) 455-4016

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| TREVOR BARNES and STEPHANIE BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION<br><br>Defendant. | Case No. 4:22-cv-4299-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

Plaintiffs Trevor Barnes ("Mr. Barnes") and Stephanie Brown ("Ms. Brown") (together "Plaintiffs") along with the defendant SunPower Corporation ("SunPower") respectfully submit this Joint Case Management Statement.

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because they arise under a law of the United States: Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. All defendants have been served. The Court has personal jurisdiction over Defendant. Venue is proper.

2. **Facts**

PLAINTIFF STATES: In their Complaint, Plaintiffs summarize this matter: "[t]his case

- 1 -

involved a campaign by SunPower to market its solar services though the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"), such as a call to Ms. Brown on May 31, 2022." Compl., Dkt. 1, ¶ 2.  Plaintiffs further alleged that SunPower made "telemarketing calls to cellular telephone numbers like Mr. Barnes', that were registered on that National Do Not Call Registry." *Id.* ¶ 3. Plaintiffs further noted that "[t]his case is not SunPower's first time standing accused standing accused of violating the TCPA on a systematic basis. *See Fabricant v. SunPower Corporation*, 4:20-cv-00114-PJH, NDCA, San Jose Division."

Plaintiff Barnes alleged that his telephone number has been on the National Do Not Call Registry for more than 31 days prior to June 2, 2022, when, "SunPower called the Mr. Barnes phone number twice on June 2, 2022 offering its goods or services." *Id.* ¶¶ 20-21, 27. Plaintiff Brown alleges that on May 31, 2022, she "received a prerecorded phone call on her cellular telephone." *Id.* 38. "The prerecorded message stated it was Brian Lee from "solar project" and stated is interested in solar panels, press a number." *Id.* ¶ 39. "In order to find out who was behind the illegal pre-recorded call to her cell phone, Ms. Brown pressed the number and spoke with a woman named Sarah who gave her a call back number of 817-813-XXXX and made an appointment for June 1, 2022." *Id.* ¶ 40. "Ms. Brown additionally received a confirmatory text from 510-426-XXXX and a confirmatory email from solaradvisors@sunpower.com. *Id.* ¶ 41.

DEFENDANT STATES: Defendant disputes all of Plaintiffs' allegations and denies that it violated any laws.  Defendant also disputes that "Plaintiff's [sic] Position" statement above is an accurate recitation of the facts in this case generally or of applicable law, or that this case is capable of or appropriate for class treatment, and denies liability.  Further, Plaintiffs' TCPA claims in this matter lack merit, for all of the reasons set forth in its pending Motion to Dismiss and/or Strike (*see* Dkts. 24, 26). Particularly, neither Plaintiff alleges facts sufficient to support Defendant's direct or vicarious liability for the calls at issue.  Also, Plaintiff Barnes fails to plead facts supporting the essential elements of his Do-Not-Call ("DNC") claim, including *inter alia* that he received a

"telephone solicitation," as that term is defined under the TCPA, that he received *more than one call* made by or on behalf of Defendant, or that **he** was the subscriber who registered his phone number to the National DNC Registry. Further, Plaintiffs cannot satisfy Rule 12(b)(1) due to Plaintiffs' failure to meet the requirements for Article III standing, because neither Plaintiff can establish that their alleged injuries are traceable to or redressable by Defendant.  While still continuing, known facts reflect that both Plaintiffs are unable to establish the facts necessary for their claims, including *inter alia* that Defendant made the calls alleged and/or that these calls were connected to Defendant.  Contrary to the allegations in the Complaint, both Plaintiffs consented to receipt the calls for which they now seek relief.

        3.    **Legal Issues**

PLAINTIFF STATES: The primary legal issues are: (a) Whether Defendant, or a third party on their behalf, used a pre-recorded or artificial voice to place calls to Plaintiff and proposed class members; (b) Whether Defendant, or a third party on their behalf, called residential numbers on the National Do Not Call Registry; (c) Whether the Defendant's vicariously liable for any of the calling done by a third party; and (d) Whether Defendant had Plaintiff's and proposed class members' prior express written consent before calling them.

DEFENDANT STATES: Defendant identifies, among the primary disputed points of law, the following legal issues, but reserves the right to modify this statement as this litigation progresses: (1) whether the messages at issue were made using an artificial or prerecorded voice as those terms are defined by the TCPA; (2) whether the messages contained "advertisements" or constituted "telemarketing" as those terms are defined by the TCPA; (3) whether the messages constitute "telephone solicitations"; (4) whether a valid TCPA exemption applies, including whether Plaintiffs provided consent to be contacted; (5) whether Plaintiffs and/or putative class members consented to receive the messages; (6) whether any alleged violation of the TCPA was knowing or willful; (7) whether Defendant is directly or vicariously liable for the messages Plaintiffs allegedly received; (8) whether Plaintiffs and putative Class members suffered any damage by receiving the alleged messages; and (9) whether Plaintiffs have Article III standing to

bring this lawsuit; (10) whether class treatment is appropriate and/or Plaintiffs' class allegations are adequately pled or should be stricken under Fed. R. Civ. P. 12(f) and 23.

4. **Motions**

PLAINTIFF STATES: After receiving sufficient discovery, Plaintiffs intend to file a motion for class certification and a motion for summary judgment regarding liability and damages.

DEFENDANT STATES: Defendant's Motion to Dismiss and/or Strike, filed September 21, 2022, is pending and set for hearing on December 6, 2022.  (Dkts. 24, 26).  If the case proceeds, Defendant anticipates at least one motion for summary judgment; motions to resolve discovery disputes, should the need arise; and possibly a Motion to Stay and/or Bifurcate Discovery.

5. **Amendment of Pleadings**

Plaintiff does not presently expect to add any parties or claims or amend the complaint, except as may otherwise be necessary based on the Court's ruling on Defendants' motion to dismiss/strike.  Defendants do not presently expect to add any third parties or file a counter claim, but reserve the right to do so based on case developments or information obtained in discovery.

6. **Evidence Preservation**

The parties certify that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

7. **Disclosures**

The parties conducted the Rule 26(f) conference of counsel on Wednesday October 12, 2022, and agree to exchange initial disclosures within 14 days of that date or by such date as the Court may order.

8. **Discovery**

    a.    Discovery Taken to Date

No discovery has been taken to date.

    b.    Scope of Anticipated Discovery

PLAINTIFFS STATES: Plaintiffs anticipate discovery into (1) electronic data regarding the calls at issue; (2) email and other communications related to the allegations of this case; (3) electronic data tracking any alleged consents to receive calls, including the logs of any servers that obtained any purported consent; (4) electronic data regarding any dialing systems and/or prerecorded and artificial voices used to make the calls at issue; (5) contracts, invoices and other documents relating to the relationships between Defendant and its telemarketing vendors and partners; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses thereto.

The Plaintiff opposes any bifurcated discovery. The Defendant has not demonstrated that the plaintiffs were contacted in a manner different than any other putative class member, whether or not SunPower physically dialed the calls. More generally, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). The proposed bifurcation nearly guarantees that the parties will need to duplicate their work. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice as Defendant envisions below), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. *See Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine"); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'").

DEFENDANT STATES: Defendant anticipates discovery regarding (but not be limited to) jurisdictional issues, liability, merits, causation, class certification, class membership and

damages. Defendant also anticipates third party discovery, including from persons who had access to and/or used the subject phone and phone number, as well as possibly expert discovery. Defendant's Motion to Dismiss and/or Strike (Dkts. 24, 26) asserts that the Complaint should be dismissed or the class allegations stricken, for the reasons stated in Section 2, *supra*. Defendant's Motion may dispose of this case entirely, and it is in the interests of judicial and party economy to stay discovery until a ruling. However, if discovery proceeds, Defendant proposes the following phased/bifurcated discovery plan[1], for the sake of judicial and party economy: (a) Discovery as to the merits of Plaintiffs' claims to proceed for a period of 120 days after entry of the Court's scheduling order; (b) Opening summary judgment motions as to the merits of Plaintiffs' individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline); (c) Oppositions to summary judgement due thirty (30) days after service of opening motions; and  (d) Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions. Defendant further proposes the Court set a further case management conference, at the Court's convenience, to occur after the Court has ruled on summary judgment motions relating to Plaintiff's individual claims to set, if necessary, a schedule for class-related discovery.

        c.      <u>Limitations or Modifications of Discovery Rules</u>

The parties do not propose any limitations or modifications of the discovery rules.

        d.      <u>Entry of an E-Discovery Order</u>

---

[1]Courts in the Ninth Circuit and elsewhere routinely bifurcate discovery in this fashion, particularly in TCPA cases.  *See, e.g., Kinzer v. LifeAid Beverage Co*., No. 21CV05589EJDVKD, 2021 WL 5848074, at *1 (N.D. Cal. Dec. 9, 2021) (noting discovery was phased in TCPA class action); *Giglio v. Monsanto Co*., No. 15-CV-2279-BTM (WVG), 2016 WL 4098285, at *1 (S.D. Cal. Aug. 2, 2016) ("Here, the Court finds that conducting discovery in phases is an efficient solution that may prevent the parties from engaging in extremely broad and potentially wasteful discovery."); *Thomas-Byass v. Michael Kors Stores (Cal.), Inc*., No. CV1500369JGBKKX, 2015 WL 5568609, at *4 (C.D. Cal. Sept. 22, 2015) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court."); *Deleon v. Time Warner Cable LLC,* 2009 WL 10674767, at *2–3 (C.D. Cal. Nov. 2, 2009) (bifurcating individual and class discovery).

- 6 -

The parties propose the use of the model stipulated Electronic Discovery Order for standard litigation for the Northern District of California.

e.    Proposed Discovery Plan

Plaintiff proposes the schedule set forth in the table below. As noted above, Defendant respectfully requests that discovery be stayed pending resolution of its Motion to Dismiss and/or Strike, unless the case is dismissed in its entirety. Should the Court decline to stay discovery pending resolution of Defendant's Motion to Dismiss/Strike, Defendant proposes the phased/bifurcated discovery schedule discussed in Section 8.b, *supra*.

f.    Identified Discovery Disputes

The Parties have not yet identified any discovery disputes.

9.    **Class Actions**

Plaintiff proposes the deadline for class certification in the table below. Defendant intends to oppose class certification and denies that Plaintiffs can meet their burden of establishing that any class can be certified here.  Defendant does not agree to Plaintiffs' proposed deadline and refers to its bifurcated discovery schedule proposed in Section 8.b above. All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10.    **Related Cases**

The parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    **Relief**

PLAINTIFFS STATE: Plaintiffs seek an injunction, costs and attorney's fees. Plaintiffs also seeks statutory damages $1,500 per knowing or willful violation and $500 per other violation. 47 U.S.C. § 227(b)(3), (c)(5).

DEFENDANT STATES: Defendant denies Plaintiffs are entitled to recover any damages or relief whatsoever and denies Plaintiffs may maintain this action due to their lack of actionable claims. Defendant also disputes that any alleged violation of the TCPA is willful or knowing, thus treble damages would be inappropriate.

12. **Settlement and ADR**

The parties have not engaged in ADR. The parties agrees that the parties may benefit from mediation at the appropriate time.

13. **Consent to Magistrate Judge for All Purposes**

The parties do not all consent to proceed before a magistrate judge.

14. **Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

PLAINTIFFS STATE: Plaintiffs believes liability may be resolved by motion after discovery has been completed. Plaintiffs believes the presentation of evidence at trial is best addressed after the Court rules on class certification.

DEFENDANT STATES: Defendant believes the issues can be narrowed through the pending Motion to Dismiss and/or Strike. If matters proceed, Defendant believes the case will be narrowed or eliminated through Motion(s) for Summary Judgment or Partial Summary Judgment.

16. **Expedited Trial Procedure**

The Parties do not believe that this matter is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Scheduling**

Plaintiffs and Defendant discuss their proposed schedules in "Attachment A," filed alongside this Joint Report.

18. **Trial**

The parties anticipate that if this matter is certified as a class action, trial will last 5 days.

19. **Disclosure of Non-party Interested Entities or Persons**

The parties are not aware of any non-party interested entities or persons. Defendant has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

20. **Professional Conduct**

- 8 -

1    All attorneys of record have reviewed the Guidelines for Professional Conduct for the

2    Northern District of California.

3    21.    **Other Matters**

4    The Parties do not believe that there are other matters to discuss at this time.

5    **CLASS ACTION INFORMATION REQUIRED BY CIVIL LOCAL RULE 16-9(b)**

6    1.    **Specific Paragraphs of Federal Rule of Civil Procedure 23**

7    PLAINTIFFS STATES: This action meets the prerequisites of Federal Rule of Civil

8    Procedure 23(a). Plaintiffs contend that this action is maintainable as a class action of the type set

9    forth in paragraph (b)(2), (b)(3) and/or (c)(4).

10    DEFENDANT STATES: Defendant disputes that either proposed class definition meets

11    the prerequisites of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

12    2.    **Description of Classes**

13    PLAINTIFFS STATES: Plaintiff brings this case as a class action on behalf of two classes:
14    Cellular Telephone Class Definition: All persons in the United States to whom: (A)
      Defendant, any of them and/or a third party acting on any of their behalf made a
15    pre-recorded call; to a cellular telephone number;   (B) using an artificial or
      prerecorded voice; from four years prior to the filing of the complaint to the first
16    day of trial.

17    DNC Class Definition: All persons in the United States to whom: (A) Defendant,
18    any of them and/or a third party acting on any of their behalf sent a telemarketing
      call; (B) to a residential (including residential cellular) telephone number listed on
19    the NDNCR for at least 31 days before at least two of such communications in a
      12-month period; (C) from four years prior to the filing of the complaint to the first
20    day of trial.

21    DEFENDANT STATES: As set forth fully in Defendant's Motion to Dismiss and/or Strike

22    the Class Allegations (Dkts. 24, 26), and for the reasons set forth in Section 1, *supra,* Defendant

23    is of the position that neither of Plaintiffs' classes are certifiable as drafted.

24    3.    **Facts Showing Plaintiff Is Entitled to Maintain the Action under Federal Rule
          of Civil Procedure 23(a) and (b)**

25    PLAINTIFFS STATES

26
27    *Fed R. Civ. P. 23(a)(1), Numerosity*: Hundreds of thousands of consumers have likely

28    received automated and/or prerecorded calls. *Fed. Civ. P. 23(a)(2), Commonality*: Questions

- 9 -

driving the outcome of this dispute have common classwide answers. Those questions include: (a) Whether Defendant, or third parties they retained, sent calls with pre-recorded messages. *Fed R. Civ. P. 23(a)(3), Typicality*: Plaintiffs' claims are typical of those of their respective classes because they arise from the same course of conduct and seek redress based on the same legal and remedial theories. *Fed R. Civ. P. 23(a)(4), Adequacy*: Plaintiffs' counsel have litigated TCPA class actions before this Court and others, reaching classwide settlements in dozens of cases—generally for millions or tens of millions of dollars—and litigating one to a jury verdict. In that case, the defendant was found liable and damages were treble by the court to $61 million, or $3,000 per class member. *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 U.S. Dist. LEXIS 203725, at *9-10 (M.D.N.C. Dec. 3, 2018). The Plaintiffs are likewise committed to the classes.

*Fed. R. Civ. P. 23(b)(2), Applicability*: For several of the same reasons that commonality is satisfied, SunPower has acted on grounds generally applicable to the entire classes, so that a permanent injunction for the benefit of the entire classes is appropriate. *Fed. R. Civ. P. 23(b)(3), Predominance*: For several of the same reasons that commonality is satisfied, predominance is satisfied. *Fed. R. Civ. P. 23(b)(3), Superiority*: "The statutory damages provided by the TCPA are not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation." *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 U.S. Dist. LEXIS 188999, at *29 (N.D. Cal. Aug. 22, 2016) (quotation marks omitted) (collecting cases).

DEFENDANT STATES: As set forth fully in Defendant's Motion to Dismiss and/or Strike the Class Allegations (Dkts. 24, 26), and for the reasons set forth in Section 1, *supra,* Defendant is of the position that neither of Plaintiffs' classes are certifiable as drafted.

4.   **Proposed Date**

The parties disagree on the proposed date to submit the class certification motion.

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

- 10 -

RESPECTFULLY SUBMITTED AND DATED on October 14, 2022.

By: */s/ Anthony I. Paronich*

Anthony I. Paronich, *Admitted Pro Hac Vice*
anthony@bparonichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Edward A. Broderick, *Admitted Pro Hac Vice*
ted@broderick-law.com
BRODERICK LAW, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorneys for Plaintiff and the Proposed Classes*

Dated: October 14, 2022                    MANATT, PHELPS & PHILLIPS, LLP

By: */S/ Alexandra N. Krasovec*
Christine M. Reilly
Alexandra N. Krasovec
Erin M. Gilmore

*Attorneys for Defendant*
*SunPower Corporation*

- 11 -

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
*Barnes, et. al. v. SunPower Corporation*, Case No. 4:22-cv-4299

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case. All parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____, 2022

_____

Hon. Trina Thompson
United States District Judge

- 12 -