UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR BARNES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUNPOWER CORPORATION, <br><br> Defendant. | Case No. 22-cv-04299-TLT <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: ECF No. 24 |

Plaintiffs Trevor Barnes and Stephanie Brown ("Plaintiffs") bring this proposed putative class action against Defendant SunPower Corporation ("Defendant") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. *See* Pls. ['] Compl., ECF No. 1. Before the Court now is Defendant's motion to dismiss the entire complaint under Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative or in addition, Defendant seeks an order striking Plaintiffs' class allegations under Rule 12(f) and Rule 23 of the Federal Rules of Civil Procedure. Def. ['s] Mot. to Dismiss, ECF No. 24.

In its discretion, the Court finds this motion suitable for determination without oral argument. Civ. L.R. 7-1(b). Having carefully considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court hereby **GRANTS** Defendant's motion to dismiss.

I.     **BACKGROUND**

      A.     **Plaintiff Barnes's Allegations**

Plaintiff Barnes is an individual residing in Hawthorne, California. Compl. ¶ 5. He has a residential telephone number that has "been on the National Do Not Call Registry [("DNC")] for more than 31 days prior to June 2, 2022 and it has not been removed from the [DNC] since that time." *Id.* ¶ 21.

Plaintiff Barnes alleges that on June 2, 2022, he received two calls from Defendant "offering its good[s] or services." *Id.* ¶ 27. Plaintiff Barnes answered the first call and said he was not interested. *Id.* ¶ 28. The first call was from caller ID 385-398-XXXX, and a "later return call to that number to an entity that identified itself as Green Energy Solutions." *Id.* ¶¶ 29-30. Plaintiff Barnes alleges that because he was "annoyed that he was receiving a second illegal call after expressing his lack of interest, he played along in order to learn who was behind the calls and whose goods or services were being offered." *Id.* ¶ 31. Plaintiff Barnes claims he "spoke to a woman named Lia Smith, who identified herself as working for [Defendant]." *Id.* ¶ 31.

### B. Plaintiff Brown's Allegations

Plaintiff Brown is an individual residing in Lakeland, Florida. Compl. ¶ 6. She does not allege to have her cellular number on the DNC. *See* Compl. Plaintiff Brown alleges that on May 31, 2022, she received "a prerecorded phone call on her cellular telephone. Before the message played there was a pause and a click, which is indicative of an autodialed call." *Id.* ¶ 38. "The prerecorded message stated that it was Brian Lee from 'solar project' and stated if interested in solar panels, press a number." *Id.* ¶ 39.

"In order to find our who was behind the illegal prerecorded call to her cell phone, Ms. Brown pressed the number and spoke with a woman named Sarah who gave her a call back number of 817-813-XXXX and made an appointment for June 1, 2022." Compl. ¶ 40. Plaintiff Brown alleges she "additionally received a confirmatory text from 510-426-XXXX and a confirmatory email from solaradvisors@sunpower.com." *Id.* ¶ 41. According to Plaintiff Brown, the ability of the caller to transfer her directly to…Sarah at [Defendant] indicates that the caller either worked at [Defendant] or was previously authorized to the place the call by [Defendant], as did the confirmatory text and email." *Id.* ¶ 42.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "'a plaintiff may plead herself out of court'" if she "plead[s] facts which establish that [s]he cannot prevail on h[er]…claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

### III.   DISCUSSION

Under the TCPA, it is "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call…using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…." 47 U.S.C. § 227(b)(1)(A)(iii). An automatic telephone dialing system is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers." *Id.* at § 227(a)(1).

To properly plead a TCPA claim, a plaintiff must allege that (1) the defendant called or texted a cellular telephone number (2) using an automatic telephone dialing system (3) without the recipient's prior express consent. *See Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) ("[A] text message is a 'call' within the TCPA.").

3

Defendant argues that Plaintiffs fail to plausibly plead that Defendant is directly or vicariously liable for the alleged violations of the TCPA. The Court agrees with Defendant.

### A.     Direct or Vicarious Liability

"To 'make' a call under the TCPA," and thus become liable, "the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Ewing v. Encor Solar, LLC*, No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *6 (S.D. Cal. Jan. 22, 2019) (citing *Gomez v. Campbell-Ewald, Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)).

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to so act." *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 448 (9th Cir. 2008) (discussing agency in the context of a TCPA lawsuit) (quoting *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017). "For an agency relationship to exist, an agent must have authority to act on behalf of the principal and '[t]he person represented [must have] a right to control the actions of the agent.'" *Mavrix*, 873 F.3d at 1054 (quotation omitted).

Here, Plaintiffs make only conclusory allegations that Defendant was directly or vicariously involved in transmitting the May 31, 2022, and June 2, 2022 telephone calls and text. For example, Plaintiff Barnes alleges that the first call he received was from caller ID 385-398-XXXX, but he does not allege this call originated directly from Defendant. Compl. ¶ 29. In fact, Plaintiff Barnes alleges that a "later return call to that number to an entity that identified itself as Green Energy Solutions." *Id.* ¶ 30. Plaintiff Barnes also claims he "spoke to a woman named Lia Smith, who identified herself as working for [Defendant]." *Id.* ¶ 31. However, no facts he has alleged support a plausible inference that Defendant itself made the two alleged calls or that Defendant has an agency relationship with "Green Energy Solutions."

Similarly, Plaintiff Brown alleges that she received "a prerecorded phone call on her cellular telephone" with a message stating it was Brian Lee from "solar project." Compl. ¶ 38. Plaintiff Brown does not allege that this initial call originated from Defendant. Instead, she alleges that she pressed a button as instructed and spoke with a woman named "Sarah who gave

4

her a call back number of 817-813-XXXX," and she "additionally received a confirmatory text from 510-426-XXXX and a confirmatory email from solaradvisors@sunpower.com." *Id.* ¶ 41.

However, no facts she alleges support a plausible inference that Defendant itself made the original call or that Defendant has an agency relationship with "solar project." In addition, Plaintiff Brown does not allege that her number is placed on the DNC, and she only received the alleged confirmatory email from solaradvisors@sunpower.com after she voluntarily pressed a button to speak with someone. According to Plaintiff Brown, the ability of the caller to transfer her directly to…Sarah at [Defendant] indicates that the caller either worked at [Defendant] or was previously authorized to the place the call by [Defendant], as did the confirmatory text and email," *id.* ¶ 42, but this allegation is conclusory and insufficient to establish that Defendant directly made the call or that Defendant has an agency relationship with "solar project" who made the initial call.

In other words, Plaintiffs here do not plausibly allege that Defendant directly made the alleged calls, nor do they plausibly allege what relationship, if any, they believe "Green Energy Solutions" and "solar project" had with Defendant and what, if any, control Defendant had over the persons who made the alleged calls. "In determining whether vicarious liability may be imposed, the 'extent of control exercised by the [principal]' is the 'essential ingredient.'" *Jones*, 887 F.3d at 450 (quoting *United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010)). A plaintiff "must also establish actual authority to place the unlawful calls." *Jones,* 887 F.3d at 449.

Accordingly, the Court finds Plaintiffs have failed to plausibly allege a TCPA claim. *See, e.g., Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *6 (N.D. Cal. Mar. 20, 2019) ("Lacking, however, are sufficient factual allegations to plead that [defendant] exercised control over the specific contents of the March 15 call….Even if [plaintiff] had alleged such facts, control over the content of an advertising call, without more, is insufficient to plead vicarious liability."); *see also Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ("To succeed on this [TCPA] vicarious liability theory, [plaintiff] must demonstrate that these entities acted as an agent of [defendant]: that [defendant] controlled or had the right to control them and, more specifically, the manner and means of the text message campaign they conducted.") (citing *Bonds*, 608 F.3d at 506).

### B. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). Leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Despite the above deficiencies, the Court cannot say at this stage that amending Plaintiffs' complaint would be futile. Plaintiffs may still be able to allege sufficient facts to state a TCPA claim. Accordingly, dismissal of Plaintiffs' complaint is with leave to amend.

## IV. CONCLUSION

For the above reasons, Defendant's motion to dismiss is **GRANTED** with leave to amend.[1] Any amended complaint must be filed no later than within 14 days of the date of this Order. No new claims or parties may be added without leave of court or stipulation of Defendant. Any response to an amended complaint is due 14 days after Plaintiff's filing. In any such response, Defendant may not move to dismiss based on arguments that should have been raised previously.

This Order terminates docket number 24.

**IT IS SO ORDERED.**

Dated: March 16, 2023

TRINA L. THOMPSON
United States District Judge

---

[1] Because the Court finds Plaintiffs have failed to plausibly allege a TCPA violation under Rule 12(b)(6), the Court **GRANTS** Defendant's motion to dismiss on this ground. As such, the Court need not reach the question of whether Plaintiffs claims are subject to dismissal under Rule 12(b)(1) or whether Plaintiffs' class allegations should be stricken under Rule 12(f) and Rule 23.